MINNIE ALLEN et al. v. HUSTON, District Judge.

No. A-2580.    Opinion Filed June 14, 1917.

(165 Pac. 742.)

MANDAMUS—Jurisdiction of Criminal Court of Appeals—Acts of Inferior Court. The Criminal Court of Appeals has jurisdiction to issue the writ of mandamus directed to an inferior court, in the exercise or in aid of its appellate jurisdiction, when the same is a proper proceeding in a criminal case.

Mandamus by Minnie Allen against A. H. Huston, Judge of the Eleventh Judicial District, sitting as Judge of the District Court in and for the County of Payne and State of Oklahoma. Upon full compliance with alternative writ by respondent, writ discharged.

J. M. Springer and Robert A. Lowry, for petitioner.

R. McMillan, Asst. Atty. Gen., for respondent.

DOYLE, P. J.    This was a petition for writ of mandamus to the Honorable A. H. Huston, judge of the Elev-

enth judicial district, sitting as judge of the district court of Payne county, to command him to correct the record in a certain case wherein the petitioner had been convicted of manslaughter in the first degree, 'and was sentenced to imprisonment in the penitentiary for the term of eight years.

The petition alleges that after the jury had retired to deliberate upon their verdict, the presiding judge left the county of Payne, and that he had refused to correct the record to show such absence. The material allegations of said petition are as follows:

"That thereafter, and while said jury were yet in charge of said bailiff and were deliberating of their verdict and before said jury had agreed or returned a verdict into court and at 8:14 o'clock a. m. on the morning of October 16, 1915, the said Hon. A. H. Huston, judge of said district court, left the city of Stillwater, which said city is the county seat of Payne county, State of Oklahoma, and the place provided by law in and where the district court in and for said Payne county must be held, and traveled by passenger train upon the Atchison, Topeka & Santa Fe Railway from said city of Stillwater to the city of Guthrie, in the county of Logan and State of Oklahoma, and that said Hon. A. H. Huston, so absented himself from said city of Stillwater.

"That about 9:30 o'clock a. m. on the said 16th day of October, 1915, the jury in said cause finally agreed upon a verdict and in charge of the bailiff was brought into the district court room in the city of Stillwater, county of Payne, State of Oklahoma. That at said time the said judge of the district court had passed without the county of Payne and was at some point in the county of Logan and State of Oklahoma, in his said passage to the city of Guthrie.

"That at the adjournment of court on the evening of the 15th day of October, 1915, it was agreed in open

court between the attorneys for the plaintiff and the county attorney and in the presence of said district judge that in the event said jury should not agree before the departure of said district judge for Guthrie the next morning that one Robt. A. Lowry, an attorney of said Payne county bar, should act as special judge, and should receive said verdict, approve the same, and cause the clerk to read and enter the same of record.

"That no affidavit of disqualification was filed and no certificate of disqualification was filed by said district judge, and that said agreement was the oral agreement made by said persons and said parties in said court. That by reason of the fact that no affidavit of disqualification had been filed or no certificate of disqualification had been filed by said district judge and for the reason that the said Robt. A. Lowry was of the opinion that he had no authority upon the record in said cause to act as such district judge, said Robt. A. Lowry refused to accept such appointment or to so act, and so notified the said district judge before his departure from Stillwater on the morning of the 16th day of October, 1915.

"That it was thereupon proposed by said district judge that if the said county attorney and this plaintiff and her attorneys should agree and in the event said jury returned a verdict, the said Robt. A. Lowry should receive said verdict, approve the same and direct the clerk of said court to read and record said verdict and take such further procedings as said district judge might have done, if personally present, and that the record in said cause should be made to state and recite the presence of said Hon. A. H. Huston, judge of the said district court, and that all proceedings so had and done by said Robt. A. Lowry were in fact had and done in open court before said Hon. A. H. Huston, as judge of said district court and by him and in his presence.

"That after said jury had agreed upon a verdict in said cause and had been produced at said courthouse by the bailiff having them in charge, the said Robt. A. Lowry

stated to the said county attorney and to the attorneys for this plaintiff the proposition so made by said district judge, and thereupon the said county attorney and the attorneys for this plaintiff agreed that the said Robt. A. Lowry should proceed in accordance with such agreement, and that the record in said district court, should be made in all respects as though said proceedings were had and done by the said district judge then present and presiding, but that said agreement was not made in open court, nor was said agreement made in the presence of said district judge, nor was said agreement made while said district judge was in the county of Payne, State of Oklahoma, and that such agreement was in fact an agreement only between the county attorney of said Payne county and the attorneys for the plaintiff herein, made out of court and conveyed no judicial authority or power whatever upon the said Robt. A. Lowry, and did not in law authorize the making and entering into the records of said district court of Payne county of the trial record falsely showing the presence of said district judge, and that proceedings were had and done by him.

"That thereafter and at a time after said district judge had passed beyond the boundaries of Payne county, the said Robt. A. Lowry, so acting upon the agreement hereinbefore set forth, caused the sheriff to make a proclamation that said district court was convened and inquired of said jury, if they had agreed upon a verdict and upon said jury answering that they had, he caused said verdict to be passed to him, and, having examined said verdict, passed said verdict to the clerk of said court and directed said clerk to read and record said verdict, and thereupon inquired of counsel for plaintiff herein if they desired said jury be polled, and thereupon at their request he polled said jury, and each of said jurymen having separately answered that he was satisfied with said verdict, informed said jury that by order of the said district judge they were excused until the reconvening of said district court at 9 o'clock a. m. on the 18th day of October, 1915, and thereupon said jury separated

and returned to their homes at various points in said county of Payne, and have not since said time reconvened or appeared in said court as a jury body in said cause against this defendant.

"That said persons so appearing as a jury in said cause produced a paper writing, which was a pretended verdict against this plaintiff finding her guilty of the charge of manslaughter in the first degree, and fixing her punishment as imprisonment in the penitentiary for a period of eight years.

"That the records of said district court were on said 16th day of October, 1915, falsely made to show the presence of said district judge during all proceedings had and done in said cause on said date, and that said records wholly fail to show and now fail to show that said proceedings in fact were had and done by a substitute for said district judge, and that said district judge was absent from said court during said entire day.

"That thereafter, on the 18th day of October, 1915, because of the premises hereinbefore set forth and in order that the records of the district court in said cause might show the truth, and for the purpose of protecting the plaintiff in her rights to her day in court, and for the purpose of causing said record to show the facts and the truth in order that she might present her motion for a new trial in said cause and might thereafter appeal said cause to the appellate court, and in order that she might present the full facts and truth in said cause to the proper court upon a petition of *habeas corpus,* the plaintiff herein filed in said court and in said cause her motion for an order requiring the clerk to cause the record in said cause to show the truth and the facts as to all proceedings had and done in said cause or purporting to have been had and done in said cause on said 16th day of October, 1915, a true, correct, and certified copy of which motion, together with the affidavits made a part thereof and presented therewith is hereto attached, marked Exhibit C, and made hereof a part.

"That thereafter and on the 19th day of October, 1915, and on .a regular judicial day of said court, her said motion came duly on to be heard, and the court having heard and considered the same, overruled plaintiff's said motion, to which the plaintiff at the time duly excepted. That a true, correct, and certified copy of the record and the journal entry of the overruling of said motion is hereto attached, marked Exhibit D, and made hereof a part. That thereafter, and upon the same day, plaintiff being desirous of preserving in the record of said cause all of the matters and things hereinbefore set forth and complained of, and in order that she might either upon *habeas corpus* or upon an appeal to the Criminal Court of Appeals present from the record in said cause the actual facts and the truth as to all proceedings had and done or pretended to have been had or done in said cause preceding her sentence to the penitentiary therein filed with the clerk of said court and presented to said court her application and motion for the settling and allowance bv said court of her bill of exceptions in said cause, a true correct, and certified copy of which bill of exceptions is hereto attached, marked Exhibit E, and made hereof a part.

"That thereafter and upon the same day plaintiff's motion for the settling and allowance of her said bill of exceptions came on before said court for hearing, and the court, having heard and considered the same, overruled plaintiff's application and motion, and refused to either consider, correct, settle, or sign any bill of exceptions whatever for plaintiff in said cause. That proceedings were had and done by said court upon said motion as shown by a true, correct, and certified copy of the journal entry of record in said cause hereto attached, marked Exhibit E, and made hereof a part.

"That plaintiff herein has exhausted all of her remedies in said district court of Payne county, Okla., and that she has no speedy or adequate remedy or relief at law, and that plaintiff herein is entitled as a matter of right to have her said bill of exceptions considered, settled,

allowed, and signed in order that she may preserve the error of the said district judge of Payne county, Okla., in the record, and may prepare an appeal to the Court of Criminal Appeals for the purpose of testing the illegality of her present custody and confinement.

"That plaintiff herein further states that she is now in the custody of the sheriff of Payne county, Okla., and being confined in the county jail at Pawnee, in Pawnee county, Okla., under a pretended sentence in said cause of State of Oklahoma v. Minnie Allen *et al.*, rendered and entered in said district court of Payne county, Okla., on the 19th day of October, 1915. That she is unable to give a bond in the sum of $8,000 and unable to fully perfect her appeal in said cause or to present to this said court her petition in *habeas corpus* until said A. H. Huston, as judge of said district court, shall have acted upon her said bill of exceptions.

"That plaintiff herein further states that on the presentation of said bill of exceptions, under the requirements of the statute of the State of Oklahoma, it became and was the duty of said district judge to fully and fairly consider said bill of exceptions, together with all the evidence thereto attached and made a part thereof, and if he found said bill of exceptions to be true and correct to sign the same and cause the same to be made a part of the record in said cause, and if he found said bill of exceptions in any respect to be incorrect, to correct said bill of exceptions so that the same should show the truth of and concerning all matters therein alleged, and to so settle said bill of exceptions and sign the same and cause the same to be made a part of the record in said cause. That the plaintiff's motion hereinbefore set forth to cause said record to be corrected so as to show the facts is not a part of the record proper in a criminal procedure, and the error of said district judge in overruling the same cannot be presented to the Appellate Court upon a transcript, and that the plaintiff herein desires on her appeal to present her cause to said Appellate Court upon a transcript of the proceedings had and done therein with-

out being compelled to go to the expense of making up a case-made therein.

"Wherefore the plaintiff herein, Minnie Allen, moves the court for a peremptory writ of mandamus requiring said Hon. A. H. Huston, as judge of the Eleventh judicial district, sitting as judge of the district court in and for the county of Payne, State of Oklahoma, in said district to consider the said bill of exceptions heretofore filed and presented by her in the case of State of Oklahoma v. Minnie Allen *et al.*, pending in the district court of Payne county, State of Oklahoma, and if it appear to him therefrom that the allegations contained in said bill of exceptions are true and correct upon the affidavits and evidence, to sign said bill of exceptions as a true and correct bill of exceptions and cause the same to be made a part of her record in said cause, and, if he find said bill of exceptions untrue or incorrect in any matter or thing therein recited, to correct said bill of exceptions so that the same shall show the truth and the facts as to matters and things therein set forth and to so settle and sign said bill of exceptions and cause the same to be made a part of the record in said cause, or, if this honorable court shall hold that plaintiff is not entitled to a peremptory writ of mandamus, that an alternative writ of mandamus issue, and that the said defendant be cited to appear before this honorable court at the time to be by it fixed and show cause why such writ of mandamus should not be issued and enforced against him."

An alternative writ of mandamus issued, to which the following return was duly made:

"Comes now A. H. Huston, defendant above named, and makes return upon the alternative writ of mandamus issued by the Hon. Thos. H. Doyle, Presiding Judge of the said Criminal Court of Appeals in the above-entitled cause on the 17th day of November, A. D. 1915, and states: That he has complied with the order of said court and writ, and has on this date signed a bill of exceptions

in accordance with the facts, a true and correct copy of which is hereto attached and made a part of this return:

"Be it remembered, that the trial of the above-entitled cause was commenced in the above-entitled court before the Hon. A. H. Huston, district judge of the Eleventh judicial district of the State of Oklahoma, in and for Payne county, on the 14th day of October, 1915. That thereafter on the 15th day of October, 1915, the evidence, instructions, and argument of counsel in said cause was duly completed and said cause submitted to the jury, and the jury retired in charge of a sworn bailiff to deliberate upon their verdict, and the court thereupon recessed pending the return by said jury of said verdict.

"Be it remembered, that at the time of the adjournment of said court on said 15th day of October, 1915, and during the night following and the next morning, the said honorable district judge was ill, infirm, and sick, and that by reason of such infirmity it became necessary for the said honorable district judge to return to his home at Guthrie, on the morning train on Saturday, the 16th day of October, 1915, which train left the depot at Stillwater on said date at 8:18 a. m.

"Be it further remembered that on the evening of Friday, the 15th day of October, A. D. 1915, and in view of such illness, it was agreed between A. W. Turner, county attorney of Payne county, and the attorneys for the above-named defendant in said cause, that in the event it became necessary for the said honorable district judge to return to Guthrie on the morning train on October 16, 1915, and in event the jury in said cause at said time had not yet agreed and returned a verdict, that Robert A. Lowry, an attorney at the bar of Payne county, should act as special judge, in absence of said honorable district judge for the purpose of receiving the verdict of said jury when returned, and that said Robt. A. Lowry was consulted and agreed so to do.

"Be it remembered, that said jury remained in session and deliberated upon their verdict from the time said

cause was submitted to them until 9:20 o'clock a. m. on said 16th day of October, 1915, at which time they notified the clerk of said court that they had agreed and were ready to return a verdict. That said Robt. A. Lowry was immediately notified and immediately went to the courthouse. That thereupon it was further agreed between said county attorney and J. M. Springer for defendant and for his co-counsel that the said Robt. A. Lowry should convene said court and receive said verdict and order the clerk of said court to read and record the same and take such further proceedings as the honorable district judge might have had and done had he been personally present, and that the record in said cause should be made on its face to show the presence of said district judge, and that all proceedings had and done in said matter were to be had and done by said district judge. That in accordance with said agreement, the said Robt. A. Lowry, by virtue of said agreement, convened said court, inquired of the jury if they had agreed upon their verdict, and that said jury answered that they had, and thereupon he caused said verdict to be passed to him, and, having examined the same and finding it in due form, delivered said verdict to the clerk of said court, and ordered that said verdict be read and the clerk place the same of record, and that said clerk make a record in accordance with said agreement, showing that all proceedings had and done by Robt. A. Lowry were in fact had and done by the honorable district judge, present in his own proper person.

"Be it further remembered, that said honorable district judge left the city of Stillwater, which is the county seat of Payne county, Okla., for a continuous trip from said city of Stillwater, at 8:18 a. m. of said 16th day of October, 1915, and traveled by continuous passage from said city of Stillwater to said city of Guthrie, in Logan county, Okla., a distance by railway of about 50 miles. That the jury in said cause came into the courtroom ready to return their verdict at 9:25 o'clock of said date, and that said verdict was actually received by said Robt.

A. Lowry from said jury, and so read by the clerk at 9:40 o'clock a. m. of said date.

"Be it further remembered, that no exceptions were taken or objections made by the above-named defendant to any of the proceedings so had and done as recited herein, and that the said Robt. A. Lowry so convening said court and before receiving said verdict made statement from the bench in the presence of said defendant and of said county attorney, and of said J. M. Springer, of the agreement which had theretofore been made between said parties, and that he was acting in pursuance to said agreement only, and that no dissent was made by said defendant or by said J. M. Springer, and no objections made to said procedure so had by the said Robt. A. Lowry, and no exceptions taken to such proceedings or to the direction of said Robt. A. Lowry to the clerk of said court to make the record of said proceedings, showing the presence of said honorable district judge as hereinbefore set forth.         A. H. HUSTON, *Judge.*"

It appearing from respondent's return to the alternative writ of mandamus that he has made full compliance, affording in full the relief sought in relator's petition, and relator urging no objections to said return, the writ has accomplished the purpose for which it was issued and is therefore *functus officio.* Since there can be no further proceedings under it, the writ will be discharged and the proceeding dismissed.

ARMSTRONG and MATSON, JJ., concur.