## ALEX JEFFRIES v. STATE.

No. A-1862. Opinion Filed June 11, 1913.

(132 Pac. 823.)

APPEAL—Right of Appeal—Payment of Costs. Where a party has been convicted of crime and desires to appeal, upon a proper showing made to the trial court that he is unable to pay the stenographer for extending the notes of the testimony or the clerk of the court for making up the record, it is the duty of the trial court to make an order directing that this be done without expense to the defendant.

(Syllabus by the Court.)

*Appeal from District Court, Garvin County;*
*R. McMillan, Judge.*

Alex Jeffries was convicted of manslaughter in the first degree, and he appeals. Reversed.

*Wayne H. Lasater* and *B. W. Patterson,* for appellant.
*C. J. Davenport,* Asst. Atty. Gen., for the State.

FURMAN, J. Appellant was prosecuted in the district court of Garvin county charged with the crime of murder. It being made to appear to the satisfaction of the court that appellant was a pauper and was unable to employ counsel, the court appointed Wayne H. Lasater, Esq., and B. W. Patterson, Esq., two members of the Garvin county bar, to defend appellant. Appellant was tried and convicted of manslaughter in the first degree, and his punishment was as-

sessed at 15 years' imprisonment in the penitentiary. Appellant gave notice of appeal, and moved the court to direct that the case-made and record should be prepared without expense to him upon the ground that he was without friends and money and was unable to pay the stenographer for extending his notes and to pay the clerk of the court for making up the record. The fact that appellant was a pauper was not contested by the state. But the motion was denied by the court. In this we think there was error.

Section 6 of the Bill of Rights of the Constitution of Oklahoma is as follows:

"The courts of justice of this state shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice."

It is a violation of both the letter and spirit of this provision of the Constitution to require any man to pay any costs of court if he is a pauper and without the means of doing so, and to deny to him the issuance of such process or the services of the officers when he is unable to pay for the same. In other words, justice in Oklahoma is the right of the poor as well as the luxury of the rich. Every person convicted of crime in Oklahoma has the constitutional right to appeal to this court both upon the facts and upon the law of his case, conditioned only upon a compliance with the regulations established by law for the exercise of this right. It is true that the stenographer's notes are not the only means by which a case-made can be prepared. If for any reason the stenographer's notes cannot be obtained and a defendant has been unable to employ lawyers to represent him, it is their duty to use their best exertions to make up a case-made from memory, and, if they do not do so, the defendant will be held responsible for this neglect of duty on their part. See *Dobbs v. State,* 5 Okla. Cr. 475, 114 Pac. 358, 115 Pac. 370. But this rule only applies to cases in which a defendant is able

to employ counsel. It is necessary as a means of protecting the stenographer's notes because, were it not for this rule, there would be a constant temptation to defendants and their friends to steal the stenographer's notes or to bribe the stenographer to lose or destroy them. But, where a defendant is unable to employ counsel, this rule should not be enforced against him. When lawyers are appointed by the court to defend a case, it is their duty to do everything that is usual in defense of their client, and when they have conducted the trial according to law no more should be expected of them. Stenographers are paid by the state $100 per month for their services. They are also allowed to charge liberal fees for extending their notes where the parties desiring such extension are able to pay for the same. But, when a defendant is unable to pay for extending the notes of the stenographer, he is as much entitled to have this done without cost to him as he is to have the services of the sheriff in summoning witnesses or any other court officer in the performance of his duty in such cases. It is therefore the right of a defendant if he is unable to pay for the same to have the stenographer's notes extended without cost, and it is the duty of the trial court to make an order to this effect, and to see that it is obeyed. As this was not done in the case at bar, there is no case-made in the record, and appellant has been denied his constitutional right to have his case reviewed by this court upon the facts. Whether he is guilty or innocent he has this right, and he cannot lawfully be deprived of it.

In the case of *Tegeler v. State,* 3 Okla. Cr. 595, 107 Pac. 949, 139 Am. St. Rep. 976, this court held that, where a defendant without fault on his part or on the part of those who represented him has not been able to obtain a case-made upon which to prosecute an appeal, a new trial will be granted him. In the case at bar appellant has prosecuted an appeal upon a transcript of the record in which there are numerous assignments of error alleged to have been committed by the trial court

in its instructions to the jury. We cannot determine intelligently as to whether or not the trial court erred in its instructions to the jury unless the testimony in the case is also before us, because instructions are always viewed in the light of the testimony to which they are applicable.

It is true that appellant is only a friendless negro without money, and dependent upon the charity of his attorneys for his defense. But the law is no respecter of persons. It cannot look to the color of a man's face, the size of his pocketbook, or the number of his friends. We want the people of Oklahoma to understand, one and all, that the poorest and most unpopular person in the state, be he white or black, can depend upon it that justice is not for sale in Oklahoma, and that no one can be deprived of his right of appeal simply because he is unable to pay a stenographer to extend the notes of the testimony.

The judgment of the lower court is reversed and the cause is remanded for a new trial.

ARMSTRONG, P. J., and DOYLE, J., concur.