## M. L. HARRIS v. STATE.

No. A-2061. Opinion Filed January 6, 1914.

(137 Pac. 365.)

Rehearing Denied April 11, 1914.

1. TRIAL—Instructions—Appeal—Presentation for Review—Harmless Error. (a) The jury must be left free to determine for themselves whether the evidence is sufficient to satisfy the law, and an instruction which advises them on that subject invades the province of the jury to determine the weight and sufficiency of the evidence. See opinion for instruction held to be on the weight of circumstantial evidence.

(b) It would be error for the court to instruct the jury upon the chain and link theory with respect to circumstantial evidence.

(c) If attorneys desire to secure reversals on account of erroneous instructions to the jury, they must show that the defendant was injured thereby. The evidence produced on the trial should be incorporated in the record.

(d) Where the evidence of the guilt of a defendant is conclusive, and where the jury could not have arrived at any other conclusion, an instruction upon the weight of the evidence will be harmless.

(e) Where the testimony is not incorporated in the record on appeal, instructions which were erroneous will not be ground for reversal, if, under any conceivable state of facts, the defendant could not have been injured thereby.

2. SAME—''Reasonable Doubt.'' It is error for the trial court to instruct the jury that a reasonable doubt is one for which there exists a reason which an ordinarily intelligent man could readily

give. Such an instruction deprives a defendant of the presumption of innocence, and shifts the burden of proof from the state to the defendant.

3.      APPEAL—Preparation of Case-Made.  Where a defendant is able to employ counsel to represent him, and the trial court refused to enter an order requiring the testimony to be extended w'thout expense to the defendant, such refusal will not constitute ground for reversal, unless it affirmatively appears from the record that the defendant was a pauper, and that such counsel so employed could not have made up a statement of the evidence from memory, and that thereby the trial court had abused its discretion.  For circumstances which clearly sustain the ruling of the trial court in refusing to make such an order, see opinion.

.Appeal from District Court, Greer County;
G. A. Brown, Judge.

M. L. Harris was convicted of grand larceny, and appeals. Affirmed.

H. D. Henry, for appellant.

C. J. Davenport, Asst. Atty. Gen., and A. R. Garrett, Co. Atty., for the State.

FURMAN, J.  First.  Counsel for appellant objected and excepted to the instructions of the court on the law of circumstancial evidence, which instructions are as follows:

"(3)    In this case the state relies for a conviction upon circumstantial evidence, and you are instructed that to warrant a conviction upon such evidence each fact necessary to establish the guilt of the defendant must be established by the evidence beyond a reasonable doubt; all the facts relied on must be consistent with each other, and taken together must be of a conclusive nature, leading on the whole to a · satisfactory conclusion, and producing in effect a reasonable and moral certainty that the accused committed the offense charged.  The mere union of any number of circumstances, each of an imperfect and inclusive character, will not justify conviction.  They must be such that, when taken together, generate and justify belief beyond a reasonable doubt of the guilt of the defendant on trial. It is not enough that they coincide with each other and render probable his guilt; but they must exclude every other reasonable hypothesis.  No other conclusion but that of the guilt of the accused must fairly and reasonably grow out of the evidence, and the facts and circumstances relied on must be incompatible with

the innocence of the defendant, and incapable of explanation upon any other reasonable hypothesis than that of his guilt; otherwise the defendant must be acquitted.

"(4) It is not necessary, however, that every circumstance introduced and relied on by the state in and of itself be sufficient to establish the guilt of the accused, and in this case, if each fact and circumstance relied on, having relation thereto in some degree, tends to prove the defendant guilty of the offense charged against him, and are consistent with each other and with the defendant's guilt, and, when taken and considered together and as a whole, they are incompatible with his innocence, and inconsistent with any other reasonable hypothesis or conclusion than that of his guilt of the offense charged against him, and satisfy your minds to a moral certainty and beyond a reasonable doubt that the defendant, M. L. Harris, on or about the 29th day of January, 1913, in Greer county, in the state of Oklahoma, did fraudulently take, steal, and carry away from the town of Willow, in said county, the two bales of cotton described in the information herein, or either of them, with the intent of the said M. L. Harris to deprive the owner of said cotton thereof, and of the value of same, and you further believe from the evidence beyond a reasonable doubt that the cotton so taken, if any, was of value exceeding $20 at the time and place of the taking thereof, and were then and there the property of the Harriss-Irby Cotton Company, and were taken without the consent of the said Harriss-Irby Cotton Company, *then the requirements of the law as to the sufficiency of circumstantial evidence will be satisfied, and in that event you should find the defendant guilty of grand larceny* as charged in the information, and so say by your verdict. If you are not so satisfied, and do not so believe, after a careful consideration of all the evidence in the case, you must acquit the defendant."

After stating the law of circumstantial evidence more fully and favorably to appellant than the law requires, the court said:

"Then the requirements of the law as to the sufficiency of circumstantial evidence will be satisfied, and in that event you should find the defendant guilty."

In considering a similar instruction in the case of *Rose Smith v. State, ante,* 133 Pac. 1136, decided June term, 1913, this court said:

"The weight of circumstantial evidence is not for the consideration of the court in its charge to the jury, but for the ex-

clusive consideration of the jury in rendering their verdict, and the statement, 'then the requirements of the law as to the sufficiency of circumstantial evidence will be satisfied,' is erroneous as invading the province of the jury, who are the exclusive judges of the weight and sufficiency of the evidence. It is our opinion that the exception to this instruction, as a comment upon the weight and sufficiency of the evidence, was well taken, and that the defendant was thereby prejudiced."

We still adhere to the ruling made in the Smith case, and think the instruction above quoted was a charge upon the weight of evidence, and should not have been given. It is an unnecessary and dangerous thing for courts, in charging upon the law of circumstantial evidence, to give lengthy and prolix instructions attempting to explain the law applicable to this character of evidence. It is sufficient if they instruct the jury in such cases that the circumstances proven must not only be consistent with the guilt of the defendant, but must also be inconsistent with his innocence, and incapable of any other reasonable explanation except upon the ground that the defendant is guilty. The jurors must be presumed to be men of ordinary intelligence, and capable of understanding the English language, and there is no danger that such men could be misled by the instruction suggested. See *Star v. State,* 9 Okla. Cr. 210, 131 Pac. 542. The court should not have instructed the jury upon the chain and link theory with reference to circumstantial evidence as requested by counsel for appellant. See *Ex parte Hayes,* 6 Okla. Cr. 321, 118 Pac. 609; *Ex parte Harkins,* 7 Okla. Cr. 464, 124 Pac. 931; *Ex parte Jefferies,* 7 Okla. Cr. 544, 124 Pac. 924, 41 L. R. A. (N. S.) 749.

In the case at bar the testimony given upon the trial was not incorporated in the record; we are therefore unable to determine as to whether or not the defendant was injured by the instruction given. If attorneys desire to secure a reversal for erroneous instructions, they must show that the defendant was injured thereby, and it is a rare thing indeed that this can be done unless the evidence in the case is incorporated in the record. The instructions must always be considered in connection with the testimony. In the case of *Killough v. State,* 6 Okla. Cr. 311, 118 Pac. 620, Judge Doyle, speaking for the court, said:

"Error must affirmatively appear from the record. It is never presumed. Every presumption is in favor of regularity of the proceedings had upon the trial. The general rule often announced by this court is that the plaintiff in error must affirmatively show prejudicial error; otherwise the judgment of the lower court will be affirmed. In the absence of a transcript of the evidence or any part thereof in the case at bar, the presumption is that the evidence was amply sufficient as to the guilt of the defendant of the offense charged. The position assumed by counsel for the defendant is that, if error is found in the instructions, the judgment of conviction must then be reversed, whether such error operates to the prejudice of the defendant or not. Such is not the law in this jurisdiction. In many cases determined by this court, the contrary doctrine is announced. This court has often held that, when the instructions as a whole, taken and considered together, embrace the law of the case, though one of them may be erroneous, still, for such error, a judgment of conviction will not be reversed, unless it shall appear from the whole record that it was prejudicial to the substantial rights of the defendant, or by reason thereof it seems probable that injustice may have been done. The instructions here, taken as a whole, substantially and fairly present the law of the case. That is sufficient, and, for the reasons stated, we shall not attempt to decide whether or not the instructions complained of were erroneous."

This opinion was followed and approved in the case of *Thornsberry v. State,* 8 Okla. Cr. 88, 126 Pac. 590. In the case of *Brown v. State,* 9 Okla. Cr. 382, 132 Pac. 359, this court held that, where the evidence of guilt is conclusive, an instruction upon the weight of evidence would be harmless. Following these decisions, section 6005, Rev. Laws 1910, was enacted, which in express terms declares that no judgment shall be reversed on the ground of misdirection to the jury, unless upon investigation of the entire record it affirmatively appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right. The testimony in this case might have been of such a character as to render the instruction given harmless. Suppose, for instance, that appellant took the witness stand in his own behalf, and that his testimony practically amounted to a plea of

guilty; it would clearly be a miscarriage of justice to grant a new trial on account of the error complained of. In the case of *Thornsberry v. State, supra,* this court in express terms declared that, where the testimony is not brought up in the record on appeal, instructions, though erroneous, will not be ground for reversal where, under any conceivable state of facts which may have been proven, defendant was not injured thereby. The testimony in this case not being incorporated in the record, we are unable to say that appellant was injured by the instruction complained of, and therefore the case of *Smith v. State, supra,* is not in point; but it may be claimed that the testimony in the Smith case was not incorporated in the record, but this was satisfactorily explained in that case, because the record affirmatively shows that the defendant was a pauper, and was unable to employ counsel to defend her, and the trial court refused to allow the record to be made up without expense to the defendant. Defendant was therefore in no way to blame because the testimony was not in the record, and the case should have been reversed on this question also. See *Jeffries v. State,* 9 Okla. Cr. 573, 132 Pac. 823. In the case at bar an entirely different state of facts is made to appear. Appellant was represented by an attorney of ability and experience. No abuse of the discretion of the court appears in the record in refusing to direct the evidence to be made up without expense to the defendant.

Second. Upon an examination of the entire instructions of the court we find no other material error therein save and except instruction No. 5½, which is as follows:

"(5½)  The jury are instructed that a reasonable doubt is one for which there exists a reason in the minds of the jurors, founded upon the facts and circumstances in proof in the case, and is a state of mind of which an ordinarily intelligent man could readily give an explanation, consistent with the facts disclosed by the evidence, and the law, as given to the jury by the court."

But we also find that counsel for appellant did not except to this instruction. From this we infer that this instruction was given by request of counsel for appellant. The failure to ex-

cept to this instruction was equivalent to an agreement by counsel for appellant that it might be given. We are decidedly of the opinion that instruction No. 5½ is not the law, and should not have been given; but, as it was not excepted to, we would not consider it now were it not for the fact that it is a verbatim copy of section 5876, Rev. Laws 1910, and therefore it may be repeated by other judges. We therefore think it our duty to pass upon this question now, and thereby prevent the unnecessary reversal of other convictions in the future.

Section 5876, Rev. Laws 1910, is as follows:

"A reasonable doubt is a doubt for which there exists a reason in the minds of the jurors, founded upon the facts and circumstances in proof in the case, and is a state of mind of which an ordinarily intelligent man could readily give an explanation, consistent with the facts disclosed by the evidence, and the law, as given to the jury by the court."

Immediately below this section we find the following:

"History. New section, defining 'reasonable doubt' in accordance with the reason and the weight of authority in order to settle the uncertainty thereon in this state."

We suppose this was inserted for the purpose of explaining the section to which it relates. If so, the statement is based upon a misconception both of fact and of law.

Prior to statehood the people of what is now the state of Oklahoma were governed by two different and in many respects conflicting systems of criminal jurisprudence, namely, that in force in the western part of the state, which was formerly Oklahoma Territory, and that in force in the eastern part of the state, which was formerly Indian Territory. Since statehood the precedents established in these two territories have not been recognized as authorities by the courts of the state of Oklahoma except in so far as they construed statutes which remained in force in the state of Oklahoma. The criminal jurisprudence of the state of Oklahoma had its birth and origin at the incoming of statehood, and is based upon the conception that only those principles and precedents should be established and followed which were founded upon reason and justice. Consequently a great deal that was done by the courts in Indian Territory and Oklahoma Terri-

tory has been eliminated. It is a misstatement of fact to assert that there is any uncertainty as to the definition of "reasonable doubt" in the state of Oklahoma, and that the position assumed by the courts of Oklahoma on this question is not in accordance with reason and the weight of authority. This question was passed upon first by the Supreme Court of Oklahoma, before the organization of the Criminal Court of Appeals, in the case of *Abbott v. Territory,* 1 Okla. Cr. 1, 94 Pac. 179, 16 L. R. A. (N. S.) 260, 129 Am. St. Rep. 818, and again in the case of *Gibbons v. Territory,* 1 Okla. Cr. 198, 96 Pac. 466. The first opinion is by Chief Justice Williams; the second opinion is by Mr. Justice Turner. With unanswerable logic, and supported by the great weight of authority, these two opinions show that the instruction which we are now discussing amounts to the repeal of the presumption of innocence, and shifts the burden of proof from the state to the defendant, and is illogical, and a violation of the fundamental principles of law. These opinions by the Supreme Court of Oklahoma were adopted and approved by this court, and no opinion can be found dissenting therefrom.

Section 6 of the Bill of Rights declares that justice shall be administered without sale, denial, delay, or prejudice. Section 7 of the Bill of Rights declares that no person shall be deprived of life, liberty, or property without due process of law. The doctrines of the presumption of innocence, reasonable doubt, and that the burden of proof is on the state to establish by legal evidence the guilt of every person charged with crime, are fundamental principles of justice which constitute the very life and soul of our criminal jurisprudence. They should be written over the portals of every court, and are among the inalienable rights of every citizen of this free country. To place a man upon trial, and prohibit the jury from acquitting him, unless they entertain a reasonable doubt of his guilt founded upon the facts and circumstances in proof, and for which they can readily give an intelligent explanation consistent with the facts disclosed by the evidence, would amount to a denial of justice, because a reasonable doubt may exist on account of the lack of proof on the part of the state, as well as on account of the facts proven by

the defendant. It is often true that the wisest and best men entertain reasonable and serious doubts as to some propositions for which they could not give an intelligent explanation. The doctrines of reasonable doubt, the presumption of innocence, and the duty of the state to prove the guilt of a person charged with crime constitute a part of the due process of law, and the Legislature cannot in any manner deny or abridge these rights without violating the seventh section of the Bill of Rights. For these reasons, we hold that the instruction given is in direct conflict with the law, and that the statute upon which it is based is in violation of sections 6 and 7 of the Bill of Rights. Courts in Oklahoma are admonished not to give this instruction in the future, unless they desire to invite reversals of their judgments. In this case, as no exception was reserved to the instruction, and as a defendant may waive his constitutional rights, we cannot do otherwise than hold that the instruction was harmless error.

Third. In this case counsel for appellant contend the trial court erred in not entering an order requiring the court stenographer to extend into longhand, at the expense of Greer county, his notes of the testimony and proceedings in the trial of this cause, upon the ground that appellant was a pauper, and was unable to pay for the same. The appellant did file an affidavit to the effect that he was a pauper, and had no means to pay for the extension of the evidence and transcript of the case. Thereupon the trial court investigated the question, and entered the following order:

"On this the 5th day of August, 1913, came on to be heard in open court the defendant's motion for an order requiring the stenographer and clerk of this court to make and furnish the defendant with a case-made, including a complete extension of all the evidence and proceedings in the trial of this case into long-hand, at the expense of Greer county, and, it appearing to the court that the defendant had employed, at his own expenses, the Hon. Harry D. Henry to represent him in said trial, and the court having judicial knowledge of the fact that the Hon. Harry D. Henry had so represented the defendant upon his trial in this cause, and there being nothing before the court to show that the said Hon. Harry D. Henry could not make a case-made, including all the proceedings and evidence introduced upon said trial,

without the assistance of the said court stenographer and clerk of this court, the said motion is in all things overruled, to which ruling of the court, the defendant excepts, and exception is by the court allowed."

Upon the authority of *Jeffries v. State,* 9 Okla. Cr. 573, 132 Pac. 823, the action of the trial court must be sustained. For in the Jeffries case it was expressly stated that, where a defendant had been able to employ lawyers to defend him, if for any reason the stenographer's notes could not be obtained, then it was the duty of such lawyers to use their best exertion to make up a case-made from memory, and, if they failed to do so, the defendant would be held responsible for this neglect of duty on their part. Also, see *Dobbs v. State,* 5 Okla. Cr. 475, 114 Pac. 358, 115 Pac. 370. The writer of this opinion practiced law many years in Texas before court stenographers were known in that state, and when, under the law, the evidence had to be written out as a matter of memory by the attorneys and filed in court within ten days from the adjournment of the term of court. The writer never had the least difficulty in preparing his statements of the evidence in his cases, and he knows from personal experience that it can easily be done. In fact he seriously doubts if the employment of court stenographers is at all necessary either in the administration of justice or to the development of lawyers. It has a tendency to breed carelessness on their part; but, be this as it may, the trial court has a large discretion as to when to order the stenographer's notes to be extended without expense to a defendant, and this discretion will not be reviewed, unless it clearly appears from the record that it was arbitrarily used or abused.

There are a number of other propositions submitted by counsel for appellant, none of which have been overlooked, and all of which have been considered, and we are of the opinion that they did not affect the substantial rights of appellant, to his injury.

Judgment of the lower court is therefore affirmed.

ARMSTRONG, P. J., and DOYLE, J., concur.

ON REHEARING.

PER CURIAM. On petition for rehearing we have considered the case very closely and our conclusion is that we must adhere to our first views.

Our attention is called to the fact that plaintiff in error was unable to give bail pending the determination of his appeal. The judgment was rendered August 4, 1913, and he has in the meantime been confined in the county jail of Greer county. For this reason we have concluded to modify the judgment appealed from to read that the term of sentence is to begin at and from the day the judgment was rendered, and that the remainder of the two-year term of imprisonment be served in the state reformatory at Granite. The sheriff of Greer county is directed to deliver the. said M. L. Harris to the warden at Granite.