· ED. HUTCHINS v. STATE.

No. A-2675. Opinion Filed September 13, 1917.

(167 Pac. 338.)

1. **APPEAL AND ERROR—Costs of Transcript—Right of Accused When Poor Person.** In a criminal prosecution, where the defendant has been . convicted and desires to appeal, upon a proper showing made to the trial court that he is unable to pay the court reporter for a transcript of the testimony, or the court clerk for a transcript of the record, it is the duty of the trial court to make an order directing that this be done without expense to the defendant. ·

2. **SAME—Reversal.** On appeal by transcript from a conviction for murder, it appearing from the record that the plaintiff in error was denied his constitutional and statutory right to perfect an appeal by case-made as a poor person, by reason of the refusal of the court to order the court reporter to furnish him with a transcript of the proceedings, and the testimony taken upon the trial, the judgment is reversed and a new trial awarded.

*Appeal from District Court, Jackson County;*
*Geo. C. Crump, Assigned Judge.*

Ed. Hutchins was convicted of murder, and he appeals. Reversed and remanded for new trial.

*W. T. McConnell,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   The plaintiff in error was tried, convicted, and sentenced to life imprisonment, upon an information charging him with the crime of murder in the killing of his wife, Mary Hutchins, by shooting her with a pistol.   The case comes before this court upon a petition in error with a certified transcript of the record.   The errors assigned are as follows:

"First.   The court erred in overruling the demurrer to the information.

"Second.   The court erred in the admission of testimony against the defendant.

"Third.   The court erred in its instructions to the jury.

"Fourth.   The court erred in failing to instruct the jury as to all the law applicable to the facts proven.

"Fifth.   The court erred in failing to instruct the jury in the law as to the different degrees of homicide.

"Sixth.   The court erred in its statements in the presence of the jury.

"Seventh.   The court erred in overruling the defendant's motion for a new trial.

"Eighth.   The court erred in overruling the defendant's motion for a transcript of the testimony, statements, objections, rulings of the court (not of record), exceptions, and record proper of the entire proceedings had in said cause in said court before, at and upon the trial thereof to be incorporated in a case-made and furnished the defendant for the purpose of perfecting his appeal to this court by case-made, unless the said defendant who was found by the court to be a pauper, deposit with the court stenographer the sum of $40 for such transcript

and case-made, thus denying to the plaintiff in error the right of appeal, as will more fully appear from Exhibit A attached hereto.

"Ninth. That the plaintiff in error is a poor colored person, and has not at any time since said trial been able to pay for said case-made or record proper, and that the record and transcript which is attached hereto were procured by his attorney. That he is unable to pay or secure the costs of filing this appeal in this court, as will more fully appear from the affidavit of his poverty filed herewith and marked Exhibit B and made a part hereof."

The information in this case is sufficient, and the demurrer thereto was properly overruled.

The only other question which can be determined upon the transcript is concerning the action of the court in refusing to order the court reporter to furnish the defendant with a transcript of the testimony in order to perfect his appeal. It appears from the transcript that when the court rendered judgment, the defendant filed his motion and affidavit in part as follows:

"That from said judgment the said defendant desires to appeal to the Criminal Court of Appeals, notice of which has been given as required by law; that in order to properly present said appeal it is necessary that he prepare a case-made to serve upon the plaintiff and for settlement and filing in said Court of Appeals with his petition in error; that due demand has been made upon the court stenographer, and that said stenographer refuses to make the same unless a deposit of $40 is made to pay for same. Affiant says that he is a poor person; that he has no property or money of any kind whatsoever; that his relatives are all poor and have no property or money with which to aid him; * * * and that by reason of his poverty and the poverty of his relatives he is unable to pay for said case-made, or to pay said attorney for making the same. Wherefore defendant prays

that the court make an order directing the court stenographer to make such case-made for the use of said defendant free of cost to the defendant."

The order, as shown by the transcript, omitting title and indorsements, is as follows:

"JUDGMENT ON MOTION.

"Now on this the 16th day of September, 1915, the same being a regular judicial day of the regular September, 1915, term of this court, there came on to be heard the motion of the defendant Ed Hutchins that he be furnished a case-made for the purpose of properly presenting his appeal herein to the honorable Criminal Court of Appeals of the State of Oklahoma, free of cost on account of his poverty, and after hearing said motion and the evidence thereon and the argument of counsel both for plaintiff and defendant the court finds that the allegations of poverty alleged in said motion are true and that the same are not controverted by the plaintiff, but the court further finds that there is no merit in defendant's contemplated appeal to the Criminal Court of Appeals of the State of Oklahoma, it is therefore ordered, adjudged and decreed that the said motion for case-made be in all things overruled, to which ruling of the court the defendant excepts and exceptions are allowed.

"GEO. C. CRUMP, *Judge.*

"Attest:    [Seal.] MAUD KIMBELL, *County Clerk*, by FRED ZIMMERMAN, *Deputy.*"

In the case of *Jeffries v. State*, 9 Okla. Cr. 573, 132 Pac. 823, it was held that where a convicted defendant desires to appeal, upon the making of a proper showing to the trial court that he is unable to pay the stenographer for a transcript of the testimony, or the clerk for a transcript of the record, it is the duty of the trial court to make an order directing that this be done without expense to the defendant.

In delivering the opinion of the court, Judge Furman said:

"Appellant was tried and convicted of manslaughter in the first degree, and his punishment was assessed at 15 years' imprisonment in the penitentiary. Appellant gave notice of appeal, and moved the court to direct that the case-made and record should be prepared without expense to him upon the ground that he was without friends and money and was unable to pay the stenographer for extending his notes and to pay the clerk of the court for making up the record. The fact that appellant was a pauper was not contested by the state. But the motion was denied by the court. In this we think there was error. * * * Stenographers are paid by the state $100 per month for their services. They are also allowed to charge liberal fees for extending their notes where the parties desiring such extension are able to pay for the same. But, when a defendant is unable to pay for extending the notes of the stenographer, he is as much entitled to have this done without cost to him as he is to have the services of the sheriff in summoning witnesses or any other court officer in the performance of his duty in such cases. It is therefore the right of a defendant if he is unable to pay for the same to have the stenographer's notes extended without cost, and it is the duty of the trial court to make an order to this effect, and to see that it is obeyed. As this was not done in the case at bar, there is no case-made in the record, and appellant has been denied his constitutional right to have his case reviewed by this court upon the facts. Whether he is guilty or innocent he has this right, and he cannot lawfully be deprived of it. In the case of *Tegler v. State*, 3 Okla. Cr. 595, 107 Pac. 949, 139 Am. St. Rep. 976, this court held that, where a defendant without fault on his part or on the part of those who represented him has not been able to obtain a case-made upon which to prosecute an appeal, a new trial will be granted him. In the case at bar appellant has prosecuted an appeal upon a transcript of the record in which there are numerous assign-

ments of error alleged. to have been committed by the trial court in its instructions to the jury. We cannot determine intelligently as to whether or not the trial court erred in its instructions to the jury unless the testimony in the case is also before us, because instructions are always viewed in the light. of the testimony to which they are applicable. It is true that appellant is only a friendless negro without money, and dependent upon the charity of his attorneys for his defense. But the law is no respecter of persons. It cannot look to the color of a man's face, the size of his pocketbook, or the number of his friends. We want the people of Oklahoma to understand, one and all, that the poorest and most unpopular person in the state, be he white or black, can depend upon it that justice is not for sale in Oklahoma, and that no one can be deprived of his right of appeal simply because he is unable to pay a stenographer to extend the notes of the testimony."

The rule announced by this court in the Jeffries Case should by this time be familiar to all who are concerned with the administration of the criminal law. In the case of *Harris v. State*, 10 Okla. Cr. 417, 137 Pac. 365, 139 Pac. 846, it is held that:

"Where a defendant is able to employ counsel to represent him, and the trial court refused to enter an order requiring the testimony to be extended without expense to the defendant, such refusal will not constitute ground for reversal, unless it affirmatively appears from the record that the defendant was a pauper, and that such counsel so employed could not have made up a statement of the evidence from memory, and that thereby the trial court had abused its discretion."

In the case at bar the trial court, in denying the motion, "finds that the allegations of poverty alleged in said motion are true, and that the same are not controverted by the plaintiff; but the court further finds there is no merit in defendant's contemplated appeal."

Under the Constitution and laws of this state an appeal may be taken by the defendant as a matter of right from a judgment of conviction in a criminal prosecution against him, and he is entitled to have this court review the proceedings had upon his trial and conviction when such appeal is taken according to law. Every citizen should feel and know that under our Constitution and laws there is no one so rich and powerful as to be above the just penalties of the law, and no one so poor and humble as to be beneath its complete protection.

It appearing that the plaintiff in error was denied his constitutional and statutory right to perfect an appeal by case-made as a poor person by reason of the refusal of the court to order the court reporter to furnish him with a transcript of the proceedings and of the testimony taken upon the trial, it follows that the judgment of the district court of Jackson county must be reversed. It is so ordered, and the cause is remanded for a new trial. The warden of the penitentiary at McAlester will deliver the defendant to the sheriff of Jackson county to be held in custody by him until he is discharged from such custody according to law.

ARMSTRONG and MATSON, JJ., concur.