## PHIL BROGDON v. STATE.

No. A-6629. Opinion Filed Oct. 29, 1927.
(260 Pac. 784.)

O. H. Whitt, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of

Pittsburg county on a charge of statutory rape and was sentenced to serve 18 months in the state penitentiary.

Defendant is charged with having accomplished an act of sexual intercourse with Edith Lewis, a female of the age of 15 years. According to the statement of facts, the prosecuting witness, Edith Lewis, testified positively for the state and was corroborated by Amanda Wilburn, who was aged 8 years at the time of the occurrence. All parties are negroes. It is argued that the court erred in refusing to order a transcript of the testimony and record for appeal at the expense of the county, citing Jeffries v. State, 9 Okla. Cr. 573, 132 P. 823, and Hutchins v. State, 13 Okla. Cr. 717, 167 P. 338.

It appears that an affidavit was made by defendant showing his inability to pay for a transcript of the testimony, and also an affidavit of defendant's counsel stating that he has been paid for his services the sum of about $29, and that defendant is unable to pay affiant any more money, that he is destitute and can raise no money. The court made a finding in conformity with the affidavits filed.

We adhere to the rule announced in the case of Hutchins v. State, and Jeffries v. State, supra, and Harris v. State, 10 Okla. Cr. 417, 137 P. 365, 139 P. 846. To be available, the error in denying a transcript of the record at the expense of the county, it must be clearly and affirmatively made to appear that a defendant seeking to have a transcript furnished at the expense of the county is without money or property, and without relatives or friends who will assist him, and for such reason is unable to pay for a transcript, and that his attorneys cannot make up a case-made from memory. If such showing is made, the court should order the transcript at the expense of the county.

The case is reversed and remanded, and, it appear-

ing that defendant is incarcerated in the penitentiary for failure to give bail, it is ordered that the warden, upon demand of the sheriff of Pittsburg county, deliver defendant to said sheriff to be incarcerated in the county jail of Pittsburg county until he is discharged according to law.

DOYLE, P. J., concurs.

DAVENPORT, J., absent, not participating.