## I. J. CLARK v. STATE.

No. A-6265. Opinion Filed Feb. 1, 1928.
(263 Pac. 679.)

J. Van Long, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, P. J. Plaintiff in error, I. J. Clark, was tried, convicted, and in accordance with the verdict of the jury was sentenced to pay a fine of $100 and imprisonment in the penitentiary for a term of 1 year.

The case comes before this court upon a petition in error with a certified transcrpt of the record proper attached.

A number of errors are assigned, but no briefs have been filed and no appearance made in behalf of plaintiff in error in this court.

The information in this case, in substance, charges that in Osage county, on or about the 25th day of December, 1925, the defendant, I. J. Clark, and others did unlawfully and feloniously sell intoxicating liquors, to wit, whisky, to 'John C. Rubottom, a minor, 17 years of age.

The information is sufficient and the demurrer thereto was properly overruled. Rhodes v. State, 30 Okla. Cr. 2, 234 P. 645.

The only other question which can be determined upon the transcript is concerning the action of the court in refusing to order the court reporter to furnish the defendant with a transcript of the testimony in order to perfect his appeal.

It appears from the transcript that when the court rendered judgment the defendant filed his motion and affidavit, reciting:

"That by reason of my extreme poverty, I am unable to give security or pay costs or defray the expenses of having case-made in perfecting my appeal to the Criminal Court of Appeals of the state of Oklahoma, and respectfully asks this honorable court to order the court reporter to prepare and make case-made at the expense of the county of Osage."

A hearing was had, but this record does not contain a transcript of the testimony. The order as shown by the transcript, omitting title and indorsement, is as follows:

"Now on this 3d day of May, 1926, this cause is called, on a motion and pauper affidavit of the defendant, to be permitted to appeal his cause of action as above to the Criminal Court of Appeals at the expense of Osage county, Okla., and defendant is present by his attorney and the plaintiff is represented by A. L. Jeffrey, assistant county attorney, the motion is argued and overruled for the reason that it appears to the court that

said affidavit is untrue, to which ruling the defendant excepts, and exceptions are allowed."

In the case of Hutchins v. State, 13 Okla. Cr. 717, 167 P. 338, it is held:

"Where the defendant has been convicted and desires to appeal, upon a proper showing made to the trial court that he is unable to pay the court reporter for a transcript of the testimony, or the court clerk for a transcript of the record, it is the duty of the trial court to make an order directing that this be done without expense to the defendant."

In the opinion it is said:

"Under the Constitution and laws of this state an appeal may be taken by the defendant as a matter of right from a judgment of conviction in a criminal prosecution against him, and he is entitled to have this court review the proceedings had upon his trial and conviction when such appeal is taken according to law. Every citizen should feel and know that under our Constitution and laws there is no one so rich and powerful as to be above the just penalties of the law, and no one so poor and humble as to be beneath its complete protection."

By numerous decisions of this court it is held that that trial court has a large discretion as to when to order the stenographer's notes to be extended without expense to the defendant, and this discretion will not be reviewed, unless it clearly appears from the record that it was arbitrarily used or abused. Harris v. State, 10 Okla. Cr. 417, 137 P. 365, 139 P. 846.

The exception to this rule is in capital cases. Where the trial results in a judgment and sentence of death and the defendant desires to appeal, it is the duty of the trial court to order the court clerk to furnish a duly certified transcript of the record and to order the court reporter to furnish a transcript of the testimony

without expense to the defendant. Noel v. State, 17 Okla. Cr. 308, 188 P. 688.

In the instant case, the trial court in denying the motion finds "that said affidavit is untrue." Upon the record before us that finding is conclusive.

In Harris v. State, supra, it is held:

"Where a defendant is able to employ counsel to represent him, and the trial court refused to enter an order requiring the testimony to be extended without expense to the defendant, such refusal will not constitute ground for reversal, unless it affirmatively appears from the record that the defendant was a pauper, and that such counsel so employed could not have made up a statement of the evidence from memory, and that thereby the trial court had abused its discretion."

The record before us fails to show whether or not a supersedeas bond was given and wholly fails to show an abuse of discretion on the part of the trial court in overruling the motion in question.

It follows from what has been said that the judgment appealed from must be and is affirmed.

EDWARDS and DAVENPORT, JJ., concur.