## E. S. (CHOC) HEMBREE v. STATE.

No. A-7955. Opinion Filed Feb. 14, 1931.
Rehearing Denied March 14, 1931.
Application for Leave to File Second Petition
for Rehearing Denied March 21, 1931.
(296 Pac. 502.)

Mathers & Mathers, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Stephens county on a charge of rape in the first degree and his punishment fixed at death. Defendant was jointly charged with his brother, A. Y. Hembree. A severance was taken and the state elected to try this defendant first. The offense was charged to have been committed on March 9, 1930. Judgment in this case was entered July 1, the date of execution was fixed at September 12. The appeal was lodged in this court on September 11, and an order made staying the execution pending the appeal. Extensions of time to file brief were entered from time to time, but no brief has been filed, nor was there any appearance for oral argument at the time the case was submitted. Notwithstanding the failure to brief, we have read the record with care to ascertain if the formalities of law have been observed and if there has been any substantial error which prevented defendant from having a fair trial. The

record discloses that at the time charged, about 9 p. m., a young lady school teacher was out riding in an automobile with a young man. They were in the car on the roadside near the small town of Loco when defendant and his codefendant came up. This defendant forced the young lady and her escort to get in the car with them. After driving some distance, they left the highway on a byroad, and soon this defendant with a pistol forced the young lady to leave the car with him and he then criminally assaulted her. He detained her some considerable time, during which he assaulted her three times. He then had his codefendant assault her, and attempted to have the young man assault her; when he did not do so, defendant shot at him with a pistol, barely missing him and severely wounding the young woman. Both the victim and her escort positively identified defendant and his codefendant. In addition there is some extremely strong circumstantial evidence. The defense is alibi. We have no doubt of the guilt of defendant of the crime charged. There is no substantial error, and we are satisfied that defendant had a fair trial. Under the record defendant is lower than the brute; he is entirely outside the pale of humanity and richly deserves the death penalty.

The case is affirmed.

The original time for the execution having passed owing to the pendency of this appeal, it is considered, ordered, and adjudged by this court that the judgment and sentence of the district court of Stephens county be carried out by electrocution of defendant on April 17, 1931.

DAVENPORT, P. J., and CHAPPELL, J., concur.