## A. Y. HEMBREE v. STATE.

No. A-8185.   Jan. 23, 1932.
(7 Pac. [2d] 491.)

J. H. Long, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Cotton county of rape in the first degree, and was sentenced to serve a term of 25 years in the state penitentiary.

The prosecution was instituted in Stephens county. Defendant was jointly charged with E. S. (Choc) Hembree, who was sentenced to death, and his sentence affirmed by this court.   Hembree v. State, 50 Okla. Cr. 174,

296 Pac. 502. This defendant was given a severance, and a change of venue was granted to Cotton county. After judgment and sentence, defendant made application to the trial court that the case-made be furnished at the expense of Stephens county, setting out that defendant was without means and unable to pay the expense of a record for appeal. This was denied by the trial judge, and an application was then made to this court for an order that the record for appeal be furnished at the expense of Stephens county, which application was denied by this court. The case is here by transcript. This court has adopted a liberal policy in protecting the constitutional rights that justice shall be administered without sale, denial, delay, or prejudice, section 6, art. 2 of the state Constitution, and the statutory enactment in aid of the constitutional guaranty. Section 786, Comp. St. 1921; Jeffries v. State, 9 Okla. Cr. 573, 132 Pac. 823; Hutchins v. State, 13 Okla. Cr. 717, 167 Pac. 338; Young v. State, 33 Okla. Cr. 255, 243 Pac. 763; Brogdon v. State, 38 Okla. Cr. 269, 260 Pac. 784; Clark v. State, 39 Okla. Cr. 116, 263 Pac. 679. This constitutional guaranty and the statute in aid of it are not to be construed as requiring the county in which a prosecution arises to furnish the record in all cases, but only in those cases in which to deny the record would in effect be imposing a penalty or denying the right of appeal to one who by reason of poverty is unable to provide the record. Wainwright v. State, 11 Okla. Cr. 547, 149 Pac. 914. Upon the filing of the application to the trial judge for a free record, testimony was taken which is incorporated in the transcript. It discloses that at the time the charge was lodged against defendant he had 200 acres of land in Grady county and 20 acres in Atoka county. He deeded the 20 acres in Atoka county, which he states was of the value of $500, to one of his attorneys.

The land in Grady county had a mortgage on it for $1,500, and he paid another of his attorneys $3,000 by a mortgage on the land in Grady county. He got $400 additional, and paid $300 of that to his attorneys. He made an appeal bond in the sum of $20,000. By this recital, we do not wish to be understood as criticizing counsel, but we are satisfied defendant, with the financial resources and backing as shown, is not entitled to have a record furnished him at the expense of the county.

We have examined the record presented to us by transcript, and nothing appears therein that in any way affects the validity of the judgment.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.