## ALTHEA REED v. STATE.

No. A-8312.   June 11, 1932.
(12 Pac. [2d] 551.)

Warren B. Phillips, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the county court of Seminole county of the unlawful possession of intoxicating liquor, and her punishment fixed by the jury at a fine of $50 and imprisonment in the county jail for a period of 30 days.

It appears from the record that defendant applied to the county court for an order to have a transcript of the evidence and record made at the expense of the state, which was denied. Thereupon defendant's counsel prepared what purported to be a transcript of the evidence, together with the record required by law, and presented the same to the court clerk, who certified that the same contained a full, true, and complete transcript of the record in said cause. On the 8th day of December, 1931, when the record was presented to the trial judge, he refused to certify the same, but certified that the same was not a true and correct case-made and transcript. On the 9th day of December, 1931, petition in error was filed in this court with the aforementioned record attached.

Where application is made to the trial court to have the evidence taken at the trial transcribed and a record made at the expense of the state, the proper proceeding, where the trial judge refuses the application, is to file a petition in error in this court with transcript attached, and apply for an order requiring the record to be made at the expense of the state. Ex parte Wigger, 39 Okla. Cr. 108, 263 Pac. 1112.

When a defendant presents what purports to be a case-made to the trial judge, it is his duty to examine the same, and he must either sign and certify the case-made as presented, or correct the same until it speaks the truth. Where the judge refuses to perform his duty, upon application this court will compel him to act in the matter and

to approve the case-made as finally corrected by him. State ex rel. Wigal et al. v. Wilson, 43 Okla. 112, 141 Pac. 426; State ex rel. Collins et al. v. Parks, 34 Okla. 335, 126 Pac. 242; State ex rel. Freeling v. Sullivan, 80 Okla. 81, 194 Pac. 446; Eubanks v. Cole, 4 Okla. Cr. 25, 109 Pac. 736; McLeod v. Graham, 6 Okla. Cr. 197, 118 Pac. 160; Allen v. State, 13 Okla. Cr. 522, 165 Pac. 742; Moore v. Taylor, 24 Okla. Cr. 80, 215 Pac. 965.

In the case at bar, the trial court arbitrarily refused to perform his duty in settling and certifying the case-made. On application of defendant, this court would have compelled the performance of such duty.

Since the trial court refused to sign and certify the record as a case-made and since the certificate of the court clerk is sufficient to make such record a transcript, the case is before the court as an appeal by transcript and the court will examine the record for such error as may be predicated upon the transcript.

An examination of the record disclosing no substantial error, the cause is affirmed.

EDWARDS, J., concurs. DAVENPORT, P. J., not participating.