ALVIN WOOTEN v. STATE.

No. A-9684. June 24, 1939.

(92 P. 2d 594.)

W. L. Boner and Robert N. Allen, both of Durant, for plaintiff in error.

Bill Steger, Co. Atty., of Durant, for the State.

PER CURIAM. The plaintiff in error filed his transcript of the record in this court on June 22, 1939, and filed an application showing that on April 24, 1939, the plaintiff in error was tried for the crime of larceny of livestock in the district court of Bryan county, Okla., found guilty by a jury, and his punishment fixed at five years in the state penitentiary at McAlester; thereafter, and on

the 29th day of April, 1939, the said plaintiff in error was sentenced by the district judge to serve the said term of five years in the state penitentiary at McAlester, and gave notice of his intention to appeal to the Criminal Court of Appeals of the state of Oklahoma, and was granted 60-10-5 days for case-made, which sixty days expires on the 29th of June, 1939.

It is further shown that the plaintiff in error filed a motion for a new trial which was overruled by the trial court.

The defendant states that he filed his application, asking the trial judge to order a case-made at the expense of the county; and states that he is a poor person without means to pay for the record; that he has no funds, and has no friends that will put up the funds to pay for the said record; that his application was heard by the Honorable District Judge of Bryan county, Okla., on June 17, 1939, and proof that plaintiff in error was a pauper, without means for paying for the record, and had no funds, and no friends that would put up funds for said record; that after hearing the application of the plaintiff in error and the testimony in support of the same, the honorable district judge, who had presided at the trial, denied his said application and made the following announcement:

"By the Court: Here is the situation about it. I would love to make an order allowing him to appeal at the expense of the county; but the county is broke and don't have any money; and it don't look like we can get enough to hold court with. If I made an order in this case, I would have to make an order to appeal all of them; and we can't do it as much as I would like to do it; therefore, the application will be denied. I feel sorry for Mr. Wooten and would like to see him appeal the case; but I can't see my way clear to do it. By Mr. Boner: The defendant excepts and gives notice of appeal to the Criminal Court of Appeals. By the Court: Exception allowed."

It is further shown that the plaintiff in error gave notice to the county attorney that on the 24th day of June,

1939, he would apply to this court for an order requiring the court reporter of the district court of Bryan county, Okla., to furnish the record at the expense of the county.

No appearance was made by the county attorney, and the case was submitted upon the application of the plaintiff in error, the defendant in the lower court, and his proof in support of the same.

Section 3823, O. S. 1931, 20 Okla. St. Ann. § 111, in part is as follows:

"Provided, However, that if, before a transcript of the notes is ordered on application of the defendant or his attorney, the defendant shall present to the judge his affidavit that he intends in good faith to take an appeal in the case and that such transcript is necessary to enable him to prosecute the appeal, and that the defendant has not the means to pay for the same, the court may, at its discretion, order the transcript made at the expense of the county." Hutchins v. State, 13 Okla. Cr. 717, 167 P. 338; Brogdon v. State, 38 Okla. Cr. 269, 260 P. 784; Reed v. State, 53 Okla. Cr. 391, 12 P. 2d 551.

It is ordered that the official court reporter of the district court of Bryan county, Okla., prepare the case-made in the above numbered and entitled case at the expense of Bryan county, Okla., and furnish the same free of charge to Alvin Wooten, plaintiff in error, herein referred to.