## WALTER COMPTON v. STATE.

No. A-9919.   Sept. 18, 1940.
(105 P. 2d 793.)

D. S. MacDonald, Jr., of Durant, for plaintiff in error.

Bill Steger, Co. Atty., and Alan B. McPheron, Asst. Co. Atty., both of Durant, for the State.

DOYLE, P. J.   Plaintiff in error, Walter Compton, was convicted in the district court of Bryan county on a charge of assault with a dangerous weapon with intent to do bodily harm.   On June 14, 1940, his motion for new trial was overruled.   The court rendered judgment and sentenced the defendant to be confined in the state penitentiary at McAlester for a term of two years.   He gave notice of his intention to appeal and was granted 60 days to make and serve a case-made and was granted an additional 60 days to make and serve case-made.

From the judgment he appealed by filing in this court on August 15, 1940, a petition in error with a duly certified transcript of the record attached.

The record shows that on July 8th plaintiff in error filed his affidavit stating that he intends in good faith to take an appeal, and that by reason of his poverty he is without means to pay for a transcript of the testimony, including the cost of making a case-made, and praying for an order of the court that the same be furnished to him at the expense of the county. The county attorney filed a response opposing the granting of the application. J. Knox Byrum, assigned judge, presided at the trial of the case. However, a hearing was had before Roy Paul, district judge of Bryan county on July 8th, the state appearing by Alan B. McPheron, assistant county attorney. Following the argument of counsel the application was denied.

It is further shown that after the appeal, plaintiff in error gave notice to the county attorney that he would apply to this court for an order requiring the reporter who reported the case to furnish a transcript of the testimony at the expense of the county. The application was assigned for hearing before this court. Later the hearing was reassigned for September 17th. No appearance was made by the county attorney and the case was submitted on the transcript of the record.

Section 3823, O. S. 1931, 20 Okla. St. Ann. § 111, in part is as follows:

"Provided, However, that if, before a transcript of the notes is ordered on application of the defendant or his attorney, the defendant shall present to the judge his affidavit that he intends in good faith to take an appeal in the case and that such transcript is necessary to enable him to prosecute the appeal, and that the defendant has not the means to pay for the same, the court may, at its discretion, order the transcript made at the expense of the county."

In Young v. State, 33 Okla. Cr. 255, 243 P. 763, this court held:

"Where the defendant has been convicted, and desires to appeal, and makes a proper showing to the trial court that he is unable to pay for a transcript of the testimony, it is the duty of the trial court to make an order directing that this be furnished without expense to the defendant. Where such showing is made, and a transcript of the evidence is not ordered by the trial court, the defendant may file a transcript of the record in this court, and this court will, under authority of section 786, Comp. St. 1921, sec. 535, Sts. 1931, 12 Okla. St. Ann. § 959, order the testimony prepared and filed in this court." Wooten v. State, 66 Okla. Cr. 331, 92 P. 2d 594; Hembree v. State, 53 Okla. Cr. 79, 7 P. 2d 491; Ex parte Wigger, 39 Okla. Cr. 108, 263 P. 1112; Brogdon v. State, 38 Okla. Cr. 269, 260 P. 784.

In the case of Hutchins v. State, 13 Okla. Cr. 717, 167 P. 338, 339, we said:

"Under the Constitution and laws of this state an appeal may be taken by the defendant as a matter of right from a judgment of conviction in a criminal prosecution against him, and he is entitled to have this court review the proceedings had upon his trial and conviction when such appeal is taken according to law. Every citizen should feel and know that under our Constitution and laws there is no one so rich and powerful as to be above the just penalties of the law, and no one so poor and humble as to be beneath its completest protection."

Upon examination of the record before us, our conclusion is that the plaintiff in error is entitled to have a transcript of the testimony and case-made furnished without expense to him.

It is therefore ordered that the official court reporter on the trial of this case in the district court of Bryan county prepare the case-made, including a transcript of the testimony taken at the trial, at the expense of Bryan county, and furnish the same free of all charge to Walter Compton, plaintiff in error, herein referred to.

BAREFOOT and JONES, JJ., concur.