Loyd GRANT, Petitioner,

v.

The STATE of Oklahoma, and the District Court of Bryan County, Oklahoma, Respondent.

No. A–13340.

Court of Criminal Appeals of Oklahoma.

Feb. 13, 1963.

James O. Braly, Durant, for petitioner.

Charles Nesbitt, Atty. Gen., R. H. Mills, County Atty. Bryan County, for respondent.

BUSSEY, Presiding Judge.

This is an original proceeding instituted by Loyd Grant, an inmate of the Oklahoma State Penitentiary at McAlester, for a Writ of Mandamus, directing that the Honorable Ralph B. Hodges, authorize the District Court Reporter of Bryan County to prepare a case made at public expense for said petitioner.

As grounds for relief sought, petitioner states that he was charged by information with the Crime of Murder in the District Court of Bryan County on the 19th of September 1962. That at the time of trial in this cause he was without funds to retain an attorney and prepare his defense in said cause, and that the Honorable Ralph B. Hodges, Judge in and for said District Court, entered an order appointing James O. Braly, attorney at law, to represent the petitioner in this action.

Petitioner further asserts that on December 17, 1962, a judgment and sentence was rendered in accordance with the verdict of the jury in the District Court of Bryan County, Case #4718, adjudging the defendant to be guilty of Manslaughter in the First Degree, and fixing his punishment at Fifty (50) Years in the State Penitentiary.

Motion for new trial was overruled and petitioner gave notice of his intention to appeal said cause to this Court, Thereafter, petitioner, through his court appointed attorney, filed an application in the District Court of Bryan County, requesting an order that a case made be prepared at the expense of the State of Oklahoma, and, upon hearing of said application, the District Court, denied same.

Accordingly, on January 8, 1963, an application for an order to prepare case made at public expense was filed with the Court of Criminal Appeals.

In his response, the County Attorney of Bryan County contends that the request of petitioner for a transcript at public expense was "conditionally denied in that the District Judge denied the application pending further proof that the Plaintiff was a pauper, without means and unable to pay for his own case-made".

On Oral Argument before this Court, January 18, 1963, the petitioner appeared by counsel and the respondent appeared by the County Attorney R. H. Mills of Bryan County. The uncontradicted evidence adduced at the hearing disclosed that the defendant is without funds to pay for a case made. Title 20 O.S.A. § 111 provides:

> "The Judge may, upon application of either party in a criminal case, direct the official court reporter to make out and file with the clerk of the court a transcript of his shorthand notes when the same is needed in such case \* \* \*. Provided further, however, that if, before a transcript of the notes is ordered on application of the defendant or his attorney, the defendant shall present to the Judge his affidavit that he intends in good faith to take an appeal in the case and that such transcript is necessary to enable him to prosecute the appeal, and that the defendant has not the means to pay for the same, the court may, at its discretion, order the transcript made at the expense of the county." [1]

Under the undisputed evidence as above set forth, this Court entered an order on the 21st day of January, 1963, directing that the District Judge of Bryan County authorize the court reporter to prepare a case made at public expense.

Therefore, the Court finds that the relief prayed for in this proceeding should be and the same is hereby, granted, in accordance with the previous order of this Court.

Writ granted, in accordance with order of the Court.

NIX and JOHNSON, JJ., concur.

---

1. For cases construing this statute, see, Wooten v. State, 66 Okl.Cr. 331, 92 P. 2d 594; Stough v. State, Okl.Cr., 128 P.2d 1028; Scroggins v. State, 73 Okl. Cr. 388, 121 P.2d 621; and, Compton v. State, Okl.Cr., 105 P.2d 793.