## CALVIN MOORE v. STATE.

No. A-5300. Opinion Filed March 6, 1926.
(243 Pac. 995.)

Wright & Gill, for plaintiff in error.

George F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case charges that in Oklahoma county, April 23, 1922, Calvin Moore, "then and there being, did then and there, unlawfully, wilfully, wrongfully and feloniously and without justifiable or excusable cause, quit, leave and abandon his lawful and legitimate children, in destitute and necessitous circumstances, and wholly refused and failed to support or contribute to their support; the said children's names and ages being as follows: Forrest Moore, age 9 years, Emil Moore, age 7 years, Marvin Moore, 5 years, and Margie Moore, age 14 months—contrary to," etc. On the trial the jury returned a verdict finding the defendant guilty as charged, and fixed his punishment at confinement in the penitentiary for a term of five years.

Motions for new trial and in arrest of judgment were duly filed, overruled, and judgment rendered in accordance with the verdict on the 12th day of April, 1924.

He has appealed from such conviction by filing a petition in error with a certified transcript of the record

proper in this court, without a transcript of the testimony taken upon the trial. The overruling of the motion in arrest of judgment is assigned as error. It is claimed that the information does not state facts sufficient to constitute an offense.

The offense of desertion and abandonment is defined in chapter 78, Sess. Laws 1923, p. 143. Section 2 reads:

"Every person who shall without good cause abandon his wife in destitute or necessitous circumstances and neglect and refuse to maintain or provide for her, or who shall abandon his or her minor child or children under the age of fifteen years and wilfully neglect or refuse to maintain or provide for such child or children, shall be deemed guilty of a felony and upon conviction thereof, shall be punished by imprisonment in the state penitentiary for any period of time not less than one year or more than ten years."

The offense of desertion and abandonment of minor children is sufficiently charged in the information. It follows that the motion in arrest of judgment was properly overruled.

Several assignments of error are predicated upon the instructions given by the court. The position assumed by counsel for the defendant is that, if error is found in the instructions, the judgment of conviction must then be reversed, whether such error operates to the prejudice of the defendant or not. Such is not the law in this jurisdiction. In many cases determined by this court the contrary doctrine is announced. This court has often held that when the instructions, as a whole, taken and considered together, embrace the law of the case, though one of them may be erroneous, still for such error a judgment of conviction will not be reversed, unless it shall appear from the whole record that it was prejudicial to the substantial rights of the

defendant, or by reason thereof it seems probable that injustice may have been done. Killough v. State, 6 Okla. Cr. 311, 118 P. 620.

New trials should be granted only where the substantial rights of the defendant have been so violated as to make it reasonably clear that a fair trial was not had. In all cases appealed to this court for review the evidence, when returned on the appeal, should first be looked to for the purpose of determining the guilt or innocence of the defendant. When it appears from the record that, upon the admitted and undisputed facts, the defendant is unquestionably guilty, a new trial will not be granted, unless the error complained of constitutes a substantial violation of a constitutional or statutory right. In this case the instructions, taken as a whole, substantially and fairly present the law of the case.

Finally, it is contended that the court erred in not granting the application of the defendant for a transcript of the testimony without expense to him. It appears that the judgment was rendered April 12; April 22d additional 10 days' time given to file supersedeas bond; May 22d notices of appeal were duly served on the county attorney and court clerk; June 6th defendant given 60 days' additional time within which to make and serve a case-made; August 9th, on application of defendant, 30 days' additional time to that heretofore allowed was granted in which to make and serve a case-made; August 18th defendant filed motion that the court make an order for a transcript of the testimony had at the trial, including objections, ruling, exceptions, minutes, pleadings, and instructions at the cost of the county, same to be made without expense to him; in support of the same filed his affidavit "that the same is necessary to enable him to prosecute said appeal; that

he is a barber by trade and has four minor children which he is endeavoring to support; that he has no property, no means, and no way of paying for said record; that all of defendant's meager earnings are now being paid weekly into this court under the order of this court for the support of his wife and minor children."

The minutes of the trial show that under date of August 30, 1924, there appears the following entry: "Application for record overruled. Exception allowed." Afterwards, on September 8th, on defendant's application, 10 days' additional time was given to make and serve a case-made.

The statute provides:

"The judge may, upon the application of either party in a criminal case, direct the reporter to make out and file with the clerk of the court a transcript of his shorthand notes when the same is needed in such case, and he shall receive as compensation therefor ten cents per folio: Provided, however, that if before a transcript of the notes is ordered on application of the defendant or his attorney, the defendant shall present to the judge his affidavit that he intends in good faith to take an appeal in the case, and that such transcript is necessary to enable him to prosecute the appeal, and that the defendant has not the means to pay for the same, the court may, at its discretion, order the transcript made at the expense of the county." Section 3067, Comp. Stats. 1921.

Under this section the granting or refusing of an application for a transcript of evidence at the expense of the county rests in the sound judgment and discretion of the trial court, and its ruling will not be reversed unless it appears that there has been an abuse of such discretion.

In Harris v. State, 10 Okla. Cr. 417, 137 P. 365, 139 P. 846, we held:

"Where a defendant is able to employ counsel to represent him, and the trial court refused to enter an order requiring the testimony to be extended without expense to the defendant, such refusal will not constitute ground for reversal, unless it affirmatively appears from the record that the defendant was a pauper, and that such counsel so employed could not have made up a statement of the evidence from memory, and that thereby the trial court had abused its discretion."

Here it appears the application for the order was not made until more than 4 months after the judgment was rendered, and the application is insufficient to comply with the requirements of the statute.

Upon the record before us, we are clear that a new trial should not be granted on this ground.

Having failed to discover any prejudicial error in the record, the judgment appealed from is affirmed.

BESSEY, P. J., and EDWARDS, J., concur.