The defendant, in support of his alibi defense, testified that he was in Gainesville, Tex., at the home of Albert Jackson, his brother-in-law, on the date alleged.

Albert Jackson testified that he lived in Gainesville, and the defendant came to his home on April 25, 1934, and stayed there about two months.

In cases of this kind, where no briefs are filed, nor oral argument made, we do not consider it the duty of this court to go into a careful examination of the evidence to determine whether or not the trial court erred in the admission or rejection of evidence.

In this case we have examined the record and find it free from substantial error.

As to the sufficiency of the evidence to sustain the verdict, we think there can be no reasonable doubt. The instructions given by the court to which no objection was made or exception taken, correctly and fully present the law of the case, including the law of circumstantial evidence.

It appearing that the defendant had a fair and impartial trial, and was properly convicted, the judgment appealed from is affirmed.

DAVENPORT, P. J., and BAREFOOT, J., concur.

RALPH GAINES v. STATE.

No. A-9141.   Feb. 19, 1937.
(65 Pac. [2d] 422.)

Glen O. Morris, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis R. Morris, Co. Atty., for the State.

BAREFOOT, J.  The first question presented in this case is the refusal of the trial court to sustain the motion filed by the defendant to furnish a record at the expense of the county.  Evidence was heard upon this motion and showed that the defendant had been released on a $3,000 bond, signed by his mother; that his people owned property; and that he had hired a lawyer to defend him in this case.  The court, after hearing the testimony, refused to order the record at the expense of the county. The statute of this state, section 3823, St. 1931, provides:

"The judge may, upon the application of either party in a criminal case, direct the reporter to make out and file with the clerk of the court a transcript of his shorthand notes when the same is needed in such case, and he shall receive as compensation therefor ten cents per folio: Provided, however, that if before a transcript of the note is ordered on application of the defendant or his attorney,

the defendant shall present to the judge his affidavit that he intends in good faith to take an appeal in the case and that such transcript is necessary to enable him to prosecute the appeal, and that the defendant has not the means to pay for the same, the court may, at its discretion, order the transcript made at the expense of the county."

It will thus be seen that under the statute the granting of the request to furnish the record at the expense of the county is a matter left to the discretion of the trial judge. This is as it should be. The courts should, and we are sure will, be careful in protecting the rights of defendants who are without means and whose cases should be reviewed on appeal. But, on the other hand, the rights of the county should be guarded, and when the evidence shows that the defendant, or those who should assist him, are able to do so, then the county should not be required to furnish the expense of preparing the record.

Trial courts should, and will, exercise their sound discretion in protecting the rights of defendants who have been convicted and who desire to appeal their cases to the higher courts. No fixed rule ought to be established. Where extreme penalties have been inflicted, or where the court deems it proper that the questions involved are such that should be passed upon by the higher courts, or whether or not the appeal is frivolous, will all be taken into consideration by the court in the exercise of its sound discretion, to the end that the rights of the defendant may be properly safeguarded, and also the rights of the county protected from the expense of unnecessary appeals. The mere filing of an affidavit by the defendant, or his statement that he is unable to pay the expense of the appeal, should not alone determine the right of the county to furnish the transcript of the record.

This court has heretofore expressed this rule in the case of Moore v. State, 33 Okla. Cr. 304, 243 Pac. 995, 996, where it said:

"Under this section the granting or refusing of an application for a transcript of evidence at the expense of the county rests in the sound judgment and discretion of the trial court, and its ruling will not be reversed unless it appears that there has been an abuse of such discretion." See Harris v. State, 10 Okla. Cr. 417, 137 Pac. 365, 139 Pac. 846.

The defendant has had prepared a transcript of the record in this case, and the same has been certified by the court clerk of Oklahoma county. Under the law a transcript should contain the following (section 3146, St. 1931):

"When judgment upon a conviction is rendered, the clerk must enter the same upon the minutes, stating briefly the offense for which the conviction has been had, and must immediately annex together and file the following papers, which constitute a record of the action:

"First. The indictment and a copy of the minutes of the plea or demurrer.

"Second. A copy of the minutes of the trial.

"Third. The charges given or refused, and the indorsements, if any, thereon; and,

"Fourth. A copy of the judgment."

This statute has been complied with in this case. When an appeal is made on transcript, the court will examine the indictment or information and any demurrer or plea thereto, the minutes of the trial, the instructions given by the court, or refused, and the judgment of the court. If after an examination of these, it is determined that the information properly charges a crime and that the

court, in the giving or refusing of instructions, has properly advised the jury as to the law applicable to the case, and that the judgment and sentence is in conformity with the facts, the judgment will be affirmed; otherwise, it will be reversed. Day v. State, 7 Okla. Cr. 276, 123 Pac. 436; Reed v. U. S., 2 Okla. Cr. 652, 103 Pac. 371.

In the present case counsel for defendant has filed no brief. The evidence taken at the trial is not before us. We have carefully examined the transcript, and finding no substantial error, the judgment of the trial court is affirmed.

DAVENPORT, P. J., and DOYLE, J., concur.