## FRANK PALMORE v. STATE.

No. A.-9238. May 7, 1937.
(67 Pac. [2d] 974.)

Blanton, Curtis & Blanton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DOYLE, J.   The information in this case filed in the district court of Garvin county October 25, 1935, upon which appellant was convicted, charges with proper formality that in said county on the 20th day of October, 1935, Frank Palmore did then and there kill and murder one Dewey Battles, by shooting him with a revolver.   On the day the information was filed an order was made admitting the defendant to bail, fixed at $5,000, which on the same day was given and approved.   Upon arraignment he

pleaded not guilty. Upon trial he was by the verdict of the jury found guilty of manslaughter in the first degree, and his punishment fixed at confinement for four years in the state penitentiary. His motion for a new trial was overruled. On June 1, 1936, the court rendered judgment in accordance with the verdict. On November 30, 1936, an appeal was taken by filing in this court a transcript of the record duly certified with petition in error.

The record shows that when judgment was rendered the defendant gave notice of his intention to appeal. The court fixed the amount of his appeal bond at $2,500 which was given, and the execution of the judgment stayed pending the filing of the appeal as required by law. Section 3195, St. 1931 (22 Okla. St. Ann. § 1057). That the defendant was given 60 days to make and serve a case-made, the state to have three days from the date of service thereof in which to suggest amendments, and said case-made to be settled and signed on three days' notice in writing by either party. That on July 14, the time for making and serving a case-made was extended ninety days additional to the time heretofore granted. On October 26, the time was extended for a further period of 30 days.

It will thus be seen that the time in which to make and serve a case-made expired November 28. On that day the defendant filed an "application for order directing transcript of testimony to be furnished without expense to defendant," wherein it is averred, among other things, that by reason of his poverty, affiant has been unable to raise funds to pay for preparing said transcript to make a case-made, and praying the trial court to make and enter its order directing a transcript of the evidence be furnished him without costs at the expense of Garvin county.

On the same day all parties appearing, the court made and entered the following order:

"Thereupon the court after being well and fully advised in the premises and after a consideration of the affidavit of the defendant attached to his application as 'Exhibit A', finds that said application has heretofore been orally made for the furnishing of said transcript free of cost to the defendant and orally denied by the court, and that said written application should now in all things be denied." To which action of the court the defendant excepts.

On the same day, written notices of appeal were served as required by section 3198 (22 Okla. St. Ann. § 1060).

The grounds of defendant's motion for a new trial, and here assigned as error, are: That the trial has been had in his absence; that the jury received evidence out of court and separated without leave of court, after retiring to deliberate on their verdict; that the verdict was determined by lot and by means other than a fair expression of opinion on the part of the jury; that the court misdirected the jury in matters of law; and that the verdict is contrary to law and to the evidence.

The other assignments are: That the court erred in overruling and denying the motion for a new trial; that the court erred in denying the defendant's application for an order directing the furnishing of a transcript of the evidence in said cause to him without cost to said defendant and at the expense of Garvin county.

We have examined the transcript of the record and considered the same in connection with the errors assigned in the petition. The record shows that no objection was made to the information by motion or demurrer thereto and that no objection was made or exception taken to the instructions given by the court. The information is suf-

ficient and we find the instructions correctly cover the law of the case. The record shows that no proof by affidavit or otherwise was offered in support of the motion for a new trial.

Error must affirmatively appear from the record. It is never presumed. Every presumption is in favor of regularity of the proceedings had upon the trial. The general rule often announced by this court is that the plaintiff in error must affirmatively show prejudicial error; otherwise the judgment of the lower court will be affirmed.

In the absence of a transcript of the evidence taken upon the trial from the record filed in this court, the presumption is that the evidence was amply sufficient to sustain the verdict and judgment.

The only other question to be determined in this case is, Did the court err in refusing to order the court reporter to furnish the defendant with a transcript of the testimony in order to perfect his appeal by a case-made?

Section 3823, Code of Criminal Procedure (20 Okla. St. Ann. § 111) is as follows:

"The judge may, upon the application of either party in a criminal case, direct the reporter to make out and file with the clerk of the court a transcript of his shorthand notes when the same is needed in such case, and he shall receive as compensation therefor ten cents per folio: Provided, However, that if, before a transcript of the notes is ordered on application of the defendant or his attorney, the defendant shall present to the judge his affidavit that he intends in good faith to take an appeal in the case and that such transcript is necessary to enable him to prosecute the appeal, and that the defendant has not the means to pay for the same, the court may, at its discretion, order the transcript made at the expense of the county."

Under this section, the granting or denying of an application for a transcript of the testimony at the expense of the county rests in the sound judgment and discretion of the trial court, and its ruling must be upheld unless it clearly appears from the record that such discretion has been abused. Harris v. State, 10 Okla. Cr. 417, 137 Pac. 365, 139 Pac. 846; Moore v. State, 33 Okla. Cr. 304, 243 Pac. 995; Clark v. State, 39 Okla. Cr. 116, 263 Pac. 679; Hembree v. State, 53 Okla. Cr. 79, 7 Pac. (2d) 491; Gaines v. State, 61 Okla. Cr. 8, 65 Pac. (2d) 422.

The exception to this rule is in capital cases, where the trial results in a judgment and sentence of death, and the defendant desires to appeal, it is the duty of the trial court to order the court clerk to furnish a duly certified transcript of the record, and to order the court reporter to furnish a transcript of the testimony without expense to the defendant. Noel v. State, 17 Okla. Cr. 308, 188 Pac. 688.

In felony cases, the appeal must be taken within six months after the judgment is rendered. Section 3192 (22 Okla. St. Ann. § 1054).

In the case at bar, it appears the application for the order was not filed until two days before the expiration of six months from the date of the rendition of the judgment.

The statute, section 534 (12 Okla. St. Ann. § 958), provides:

"The case so made, or a copy thereof, shall * * * be served upon the opposite party or his attorney, who may within three days thereafter suggest amendments thereto in writing, and present the same to the party making the case, or his attorney. The case and amendments shall, upon three days' notice, be submitted to the judge, who

shall settle and sign the same, and cause it to be attested by the clerk, and the seal of the court to be thereto attached. It shall then be filed with the papers in the case."

Under this section a case-made could not be served and submitted to the judge to settle and sign the same within six months from the date of the rendition of the judgment.

Upon the record before us and for the reasons stated, we are of opinion that the court did not err in denying the application.

Having failed to discover any material error in the record, the judgment appealed from is affirmed.

DAVENPORT, P. J., and BAREFOOT, J., concur.