## CARL DANNENFELSER v. STATE.

No. A.-9650.   Nov. 9, 1939.
On Rehearing Dec. 12, 1939.
(95 P. 2d 913; 96 P. 2d 1065.)

J. P. Evers, of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Dixie Gilmer, Co. Atty., and Ed Crossland, Asst. Co. Atty., both of Tulsa, for the State.

BAREFOOT, J.   The defendant was charged with the crime of forgery in the second degree, in the district court of Tulsa county; was tried, convicted, and sentenced

to serve a term of five years in the penitentiary, and has appealed.

He filed a motion for new trial, which was overruled by the court, and he then made application to have a case-made prepared at the expense of the county. Testimony was heard by the trial court upon said application, and, after such hearing, the application was denied. We have examined the evidence and do not see that there was an abuse of discretion by the trial court in refusing this application.

The appeal was by purported transcript, and we have examined the same. It contains the information, and upon examination we find that the same was in proper form. The transcript does not contain the instructions of the court as required by the statutes. Oklahoma Statutes 1931, § 3146, 22 Okla. St. Ann. § 977.

In the case of Gaines v. State, 61 Okla. Cr. 8, 65 P. 2d, 422, this court said in the syllabus:

"1. Whether a transcript of the record shall be furnished the defendant at the expense of the county is a question to be left to the discretion of the trial court, and unless this discretion has been abused, it will not be set aside.

"2. When an appeal is had upon a transcript, the court will examine the indictment or information, or any demurrer or plea thereto, the minutes of the trial, the instructions given by the court or refused, and the judgment of the court. If no jurisdictional or fundamental error has been committed, the judgment will be affirmed."

In the body of the opinion the court said:

"It will thus be seen that under the statute the granting of the request to furnish the record at the expense of the county is a matter left to the discretion of the trial judge. This is as it should be. The courts should, and we

are sure will, be careful in protecting the rights of defendants who are without means and whose cases should be reviewed on appeal. But, on the other hand, the rights of the county should be guarded, and when the evidence shows that the defendant, or those who should assist him, are able to do so, then the county should not be required to furnish the expense of preparing the record.

"Trial courts should, and will, exercise their sound discretion in protecting the rights of defendants who have been convicted and who desire to appeal their cases to the higher courts. No fixed rule ought to be established. Where extreme penalties have been inflicted, or where the court deems it proper that the questions involved are such that should be passed upon by the higher courts, or whether or not the appeal is frivolous, will all be taken into consideration by the court in the exercise of its sound discretion, to the end that the rights of the defendant may be properly safeguarded, and also the rights of the county protected from the expense of unnecessary appeals. The mere filing of an affidavit by the defendant, or his statement that he is unable to pay the expense of the appeal, should not alone determine the right of the county to furnish the transcript of the record."

Finding no error in the record, it is ordered that the judgment of the district court of Tulsa county be affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.

BAREFOOT, J. The defendant, who is now confined in the penitentiary at McAlester, by reason of the fact that he could not make bond, and had no means to employ counsel to represent him, filed a petition for rehearing, and the same was granted by this court, and was set for rehearing on December 12th, 1939. At this time a hearing was had before the court, and at the suggestion of the Pardon and Parole Attorney, the defendant was permitted by the Governor to attend this hearing in person. The County Attorney of Tulsa County was also present at the hearing.

Without detailing the facts as they were developed it is the opinion of the court, after hearing these facts, that justice will be done by modifying the judgment and sentence in this case from five years in the penitentiary to one year in the penitentiary. The trial court indicated, when overruling the motion for new trial, that if he had the power under the law, he would reduce the judgment and sentence. The county attorney of Tulsa county agreed that the reduction to one year's imprisonment in the penitentiary would be in the interest of justice. The judgment and sentence of the district court of Tulsa county is therefore modified and affirmed as above stated.

The warden of the penitentiary at McAlester is directed that if this defendant has served sufficient time in the penitentiary to satisfy a term of one year as provided by the law, and the rules and regulations of the prison, to immediately discharge him. If such time has not been served, defendant will be detained until said term is satisfied.

DOYLE, P. J., and DAVENPORT, J., concur.