## MRS. GLEN HOWARD v. STATE.

No. A-10853. March 31, 1948.

(192 P. 2d 297.)

290

F. V. Westhafer, of Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BAREFOOT, P. J. Mrs. Glen Howard, the defendant, was charged in the court of common pleas of Tulsa county with the offense of cruelty to animals; waived a jury and was tried before the court, found guilty and sentenced to pay a fine of $25 and the costs, and has appealed.

Defendant, in her brief, states:

"Information had been filed as a felony charge, but at time of trial the information was changed to charge a misdemeanor."

The record in this case shows that judgment and sentence was entered on October 19, 1946; that the case-made was served upon the county attorney of Tulsa county on December 26, 1946, was signed and settled by the trial court on January 11, 1947, and on the same day was filed in the court of common pleas and withdrawn, but the petition in error with case-made attached was not filed in this court until March 22, 1947, which was more than 120 days after the judgment was rendered by the trial court..

The Attorney General has filed a motion to dismiss the appeal on the ground that the same was not filed within the time provided by Tit. 22 O. S. 1941 § 1054, which provides:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered. Provided, However, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days. * * *"

Under this section of the criminal code, an appeal filed in this court after the expiration of one hundred twenty days from the date of the judgment in a misdemeanor case is not filed within the statutory time, and this court is without jurisdiction to hear and determine the issues. Powell v. State, 65 Okla. Cr. 250, 85 P. 2d 326; Lee v. State, 74 Okla. Cr. 358, 126 P. 2d 94; Butler v. State, 83 Okla. Cr. 105, 173 P. 2d 453.

For the reasons herein stated, this court is without jurisdiction to hear and determine the appeal, and the motion to dismiss is sustained, and the case dismissed.

JONES and BRETT, JJ., concur.