**Frank CHASE, Petitioner,**

v.

**The STATE of Oklahoma, and The District Court of Tulsa County, State of Oklahoma, Respondents.**

**No. A–13227.**

Court of Criminal Appeals of Oklahoma.

Jan. 30, 1963.

Frank Chase, petitioner pro se.

David Hall, County Atty., and Ted Flanagan, Asst. County Atty., Tulsa County, Tulsa, for respondents.

PER CURIAM.

On July 18, 1962 this Court rendered an opinion herein, Okl.Cr., 373 P.2d 259, holding that this Court never acquired jurisdiction of the attempted appeal, for the reason that the record before us disclosed that no motion for new trial was ever filed in the trial court, and the time for so doing had long since expired. On that basis we denied petitioner's application for mandamus filed herein.

That opinion was predicated entirely on the unrefuted allegations in the answer of the respondents State of Oklahoma and the district court of Tulsa County to the rule to show cause, wherein it was stated that "no motion for new trial has been filed, and the time for filing a motion for new trial has now expired."

On this basis, at that time, we denied the application for writ of mandamus.

Thereafter, the petitioner on September 26, 1962, filed a microfilmed copy of the motion for new trial that had been filed in said cause in the district court of Tulsa County by his counsel of record. His counsel was not the Hon. Ed Morrison, as this Court had been misled by the answer to believe. But these things are of no avail to the petitioner herein.

The minutes of the district court of Tulsa County, Oklahoma in said cause, now filed in this Court, disclose that the motion for new trial now conceded by the respondents to have been filed, was heard and overruled by the trial court on February 15, 1962 and this petitioner was thereupon sentenced to 13 years imprisonment in the state penitentiary. The trial court's minutes further disclose that extension of time was granted, extending time to prepare the record, serve, sign and settle the same, in 60, 10 and 5 days, for the appeal. This time expired on April 15, 1962. On April 5, 1962 extension of time to May 16, 1962 was granted to make and serve casemade, but nowhere in the minutes does it appear that any further extension of time was ever granted for perfecting the appeal.

It may seem hypertechnical to hold that time for preparing the casemade is not inclusive of the right to appeal, but the law has been so interpreted. It has been repeatedly held that appeal is a matter of

right, but the manner of taking the same is a matter within legislative control. 22 O.S. 1961 § 1052; Mayo v. State, 96 Okl.Cr. 143, 250 P.2d 228, and other cases.

The conditions for time to prepare appeal and casemade are two separate and distinct requirements that must be separately attended to by counsel or the accused.

In Seabolt v. State, Okl.Cr., 357 P.2d 1014, this Court said:

"An order extending the time to make and serve casemade for appeal does not automatically extend time within which to file appeal."

And see also Swink v. State, 64 Okl.Cr. 465, 82 P.2d 316, and cases cited.

Under the provisions of 22 O.S.A.1961 § 1054: "In felony cases the appeal must be taken within three (3) months after the judgment is rendered."

█ The judgment herein was rendered on February 15, 1962, sentencing the defendant to 13 years in the state penitentiary for commission of the crime of conjoint robbery with firearms, after a prior conviction of second degree burglary—a felony.

No casemade was ever obtained under the first 60 days extension, and an order was entered on April 5, 1962 extending the time for making the same to May 16, 1962. Also on April 5, 1962 the petitioner requested casemade forma pauperis at the State's expense, but this application was directed to the court clerk, and not to the judge of the district court.

It does not appear from the minutes that any application for casemade at the expense of the state was ever called to the attention of the judge of the district court. However, on April 24, 1962 petitioner did make application to this Court for such relief. Rule to show cause was issued, and on May 11, 1962 the matter was set for hearing. Response was filed on May 24. On July 18, 1962 the hereinbefore referred to opinion was rendered (Chase v. State, supra), denying the writ.

It is apparent that the petitioner did not take the necessary steps in the district court of Tulsa County to protect his interests in the matter of perfecting the appeal. Instead of applying herein for casemade on April 24, 1962 he should have requested his attorney of record, Mr. Tom Hanlon, to call the matter to the attention of the trial court, when he still had until May 16, 1962 to obtain the casemade. His matter herein at that time was premature. It does appear, however, that the court attachés in the district court were negligent in not calling the application for casemade forma pauperis to the attention of the court on behalf of this petitioner. But most of all, this petitioner was most at fault in that he did not rely on his counsel to present the matter to the trial court, instead of taking the matter in his own hands. The record does not disclose a withdrawal from the case by defendant's counsel, or leave so to do. Penitentiary inmates should always operate through counsel in such matters. It is generally unsatisfactory to do otherwise.

In any event, the time for perfecting the appeal has long since expired. In fact the time expired April 15, 1962, and this Court is without jurisdiction to grant relief.

We regret that this matter has gone by default, but the defendant had two months originally, and an extension to May 16 in which to obtain casemade in the district court of Tulsa County, but made such poor use of the time afforded him for perfecting the appeal and obtaining the casemade, from February 15, 1962 to May 16, and by ignoring his counsel in the case that he himself defaulted in his own right.

Relief is accordingly denied.

The Court acknowledges the aid of Supernumerary Judge JOHN A. BRETT in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Judge of this Court, and thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.