**Bobby Jim PULLIAM, Petitioner,**

**v.**

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, and the State of Oklahoma, Respondents.**

**No. A–13645.**

Court of Criminal Appeals of Oklahoma.

April 21, 1965.

Bobby Jim Pulliam, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BRETT, Judge.

This is a petition for writ of habeas corpus, filed pro se. The Attorney General files, as his response, a demurrer to the petition, for the reason that all the matters specifically alleged therein as ground for the issuance of the writ of habeas corpus are matters which could have and should have been presented on proper appeal to this Court. We agree with the Attorney General's position.

It is found that the petitioner was represented by counsel, did file his motion for a new trial, which was overruled, and gave notice of intent to appeal. Also, that petitioner was granted 45 days in which to prepare and serve casemade, which was not accomplished. Thereafter no further action was taken to perfect his appeal to this Court.

As stated in Samford v. State, 83 Okl.Cr. 134, 173 P.2d 749:

"A failure to file the appeal in the appellate court within the time allowed by law is fatal to the appeal, and the appellate court has no discretion to hear and determine appeals on the merits when they are not taken within the time prescribed by statute."

See also Pooler v. State, 85 Okl.Cr. 97, 185 P.2d 235; Howard v. State, 86 Okl.Cr. 289, 192 P.2d 297; Doyal v. State, 90 Okl. Cr. 108, 210 P.2d 680, and others not listed.

Petitioner failed to exercise his right, when he abandoned that appeal after being granted additional time in which to prepare and serve the casemade. Therefore this Court is without jurisdiction to consider this matter. As stated in Chase v. State, Okl.Cr., 378 P.2d 780:

"An appeal from a judgment and sentence in a criminal action may be taken as a matter of right, but the manner of taking same is a proper matter of legislative control, and the statute prescribing the manner in which an appeal can be taken is mandatory."

See also Walker v. State, Okl.Cr., 378 P.2d 783.

All of the matters alleged in the petition for writ of habeas corpus should have been presented on a proper appeal, and therefore this Court is without jurisdiction to further consider the petition. Likewise, there is no positive showing that the petitioner's constitutional rights, concerning due process of law, have been violated, other than the petitioner's own contentions. He was granted a fair trial by a jury. He was represented by counsel. He took the initial steps to perfect his appeal. He was granted additional time in which to perfect his appeal, but subsequently abandoned the process.

The Attorney General's demurrer is sustained, and the petition for writ of habeas corpus is denied.

BUSSEY, P. J., and NIX, J., concur.