Ira David RODRICK, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13762.

Court of Criminal Appeals of Oklahoma.

March 30, 1966.

O. B. Martin, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., James R. Fuson, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

This is an attempted appeal from a conviction sustained by the plaintiff in error, defendant below, in the Superior Court of Comanche County, for forgery in the second degree.

The Attorney General has filed a motion to dismiss the appeal, for the reason that the case made was not prepared, served, settled and filed in the Court of Criminal Appeals in the manner and time provided by statute.

The Oklahoma statutes provide that an appeal to this Court may be taken by a defendant as a matter of constitutional right from any judgment of conviction rendered against him in a court of record; and further provide the manner and time within

which such appeal may be taken. (22 Okl. St.Ann. §§ 1051, 1052, 1053, 1054 and 1055) Woods v. State, Okl.Cr., 346 P.2d 950; Smith v. State, Okl.Cr., 359 P.2d 243; Pulliam v. Page, Okl.Cr., 401 P.2d 530.

The statutes in effect at the time this appeal was attempted provided that the case made or a copy thereof should, within fifteen days after the judgment or order (to be appealed) was rendered, be served upon the opposite party, or his attorney, who might within three days thereafter suggest amendments thereto in writing; and provided that the court in which any case had been tried and finally determined might from time to time make orders extending the time for making and serving case made or the filing of the proceedings in error for good cause shown, but not beyond the period on which the proceedings in error may be filed in the appellate court. Tit. 12, Okl.St.Ann. §§ 958, 960, 962.

Judgment and sentence was pronounced against this accused on March 26, 1965, at which time the judge of the Superior Court of Comanche County allowed the defendant sixty days: "in which to make and serve a case made for appeal to the Court of Criminal Appeals of said State of Oklahoma, and the plaintiff is allowed ten days after service of case made in which to suggest amendments thereto, and said case made to be settled and signed upon five days notice by either party, and shall be filed in the Court of Criminal Appeals within — days from the date of this judgment."

Nothing further was entered in this case until June 10, 1965, seventy-five days after the entry of the judgment and sentence, at which time the trial court entered an order finding the defendant to be an indigent person, unable to pay for the transcript in order to perfect an appeal to the Court of Criminal Appeals, and directing the court reporter to "prepare and furnish the defendant a 'transcript' of the record of trial, the costs thereof to be borne by Comanche County, Oklahoma, and defendant is allowed sixty days from the date

hereof to make and serve case made, plaintiff to have twenty days thereafter to suggest amendments, and the same to be settled upon five days notice by either party." The court reporter prepared a case made, instead of a transcript.

It will be observed that at no time did the trial court grant any extension of time within which to file a petition in error and the record in the Court of Criminal Appeals.

We note also that the record is absent any application for case made forma pauperis, filed on behalf of defendant, in support of the court order finding defendant to be an indigent person; but on the contrary, it appears from the record that defendant had legal counsel of his own choice and employment.

■ This court has consistently held, under the cited statutes, that an order made by a trial court extending the time within which to make and serve a case made does not automatically extend the time within which to file the appeal; and that all such orders should cover both the time within which to make and serve case made, and the time within which to file the appeal in this Court. Swink v. State, 64 Okl.Cr. 466, 82 P.2d 316; Chase v. State, Okl.Cr., 378 P.2d 779.

■ As we said in Chase v. State, supra:

"It may seem hypertechnical to hold that time for preparing the case made is not inclusive of the right to appeal, but the law has been so interpreted. It has been repeatedly held that appeal is a matter of right, but the manner of taking the same is a matter within legislative control. 22 O.S.1961 § 1052; Mayo v. State, 96 Okl.Cr. 143, 250 P.2d 228, and other cases."

■ The conditions for time to prepare and serve case made, and file the appeal in this Court are two separate and distinct requirements, that must be separately attended to by counsel, or the accused. Chase v. State, supra; Seabolt v. State, Okl. Cr., 357 P.2d 1014; Smith v. State, Okl.

Cr., 378 P.2d 873; Swink v. State, supra, and cases cited.

For the reasons assigned, the motion of the Attorney General to dismiss the appeal is sustained, and the purported appeal is dismissed.

NIX, J., concurs.

BUSSEY, P. J., not participating.