**Donald Ray BUCHANAN, #71322, Petitioner,**

v.

**Ray PAGE, Warden, and State of Oklahoma, Respondents.**

**No. A–13843.**

Court of Criminal Appeals of Oklahoma.
April 13, 1966.

Donald Ray Buchanan, pro se.

David Hall, County Atty., Ted Flanagan, Asst. Co. Atty., Tulsa County, Tulsa, for respondents.

BRETT, Judge.

On October 27, 1965 the petitioner herein filed in this Court a petition for post conviction appeal. On December 8, 1965 the Court dismissed the petition, for the reason that the same was not prepared, signed and filed in keeping with Rule 26 of this Court. Buchanan v. Page, Okl.Cr., 408 P.2d 560.

The petition was thereafter properly sworn to, and refiled herein on January 3, 1966.

This petitioner states that he was convicted in the district court of Tulsa County, Oklahoma, in case No. 20941 on a charge of

robbery with firearms, after former conviction of a felony, and sentenced to serve not less than 25 and not more than 75 years in the State Penitentiary. Petitioner states that he was represented throughout the trial proceedings by two attorneys of his own choice.

Further, that he entered a plea of not guilty, and was tried before a jury, and after the verdict he gave notice of his intention to appeal to this Court. Thereafter motion for new trial was duly filed and overruled. He later asked for a case made at the expense of the county, which was denied. He did not ask the trial court to appoint counsel to represent him on appeal, but seems to have depended upon the two attorneys employed by him.

Petitioner states he was represented by John K. Harlin, Jr., of Tulsa, and Mike Barclay of Dallas, Texas. Appeal bond was set at $30,000, and being unable to make this bond, the petitioner was immediately delivered to the penitentiary. He states that both of his attorneys of record assured him that his appeal would be timely filed; that this was not done and petitioner was not notified of such lack of action.

The county attorney of Tulsa County has filed a response to this petition, with brief attached, wherein he alleges that defendant was convicted on December 11, 1964 as hereinbefore stated. That notice of appeal was properly given, bond set, and the defendant granted 60–10–5 days for case made On December 31, 1964 defendant filed his motion for new trial, which was overruled by the court on the same date, and defendant was again granted 60–10–5 days from and after December 11, 1964 to make and serve case made.

The statute, Tit. 22 O.S.Supp.1963 § 1054 in effect on the date this judgment and sentence was rendered, provided that in felony cases the appeal must be taken within three months after the judgment was rendered, provided that the trial judge might, for good cause shown, extend the time in which such appeal could be taken

not exceeding six months from the date of the judgment.

Title 12, O.S.A. § 962 provides:

" * * * The court in which any case has been tried and finally determined, may, from time to time make orders extending the time for the making and serving of a case, or the filing of the proceedings in error, for good cause shown, but not beyond the period in which the proceedings in error may be filed in the appellate court; and in the exercise of judicial discretion the said court or judge, upon notice to the adverse party, and after hearing, may make such orders after the expiration of the time fixed in the previous order, or time allowed by statute, but this section shall in no manner be construed as affecting the statutes fixing the limit of time within which an appeal or proceeding in error may be begun in the appellate court."

In the case at bar, the time for perfecting the appeal expired March 11, 1965, unless the court "for good cause shown" had extended the time, not exceeding six months from the date of the judgment. On February 9, 1965 the defendant was granted "a further extension of 60 days from said 9th day of February, 1965, to make and serve a case made on appeal to the Court of Criminal Appeals" in said case. From the records, no additional time was requested or granted for filing the appeal in the Court of Criminal Appeals.

This Court has so often held that an order extending the time to make and serve case made does not automatically extend the time in which to file appeal, that it is hardly necessary to cite authorities. But see Swink v. State, 64 Okl.Cr. 466, 82 P.2d 316; Chase v. State, Okl.Cr., 378 P.2d 779; Rodrick v. State, Okl.Cr., 412 P.2d 965 (March 30, 1966).

Title 12 O.S.A. § 962, hereinbefore quoted, sets out the manner in which an extension of time may be obtained after the expiration of the time allowed by statute or

fixed in a previous order of the court; and provides that notice of the application for such order must be given the adverse party, and a hearing had thereon before the trial court is authorized to grant such additional time. So far as the records before us indicate, no notice of the application for additional time was given the State, and no hearing held on the application. Thus, the time provided for the appeal in this Court expired on March 11, 1965.

On February 26, 1965 the defendant filed an "Affidavit and Application for a case made at the expense of the County", which had been forwarded to him in the penitentiary by one of his attorneys of record, John K. Harlin, Jr., under date of February 18, 1965. The letter accompanying this instrument read: "Since it does not seem probable that your people will be financially able to obtain the case made to perfect your appeal, attached is found an affidavit which is to be signed by you and notarized and returned to me for filing. Please sign both copies."

The assistant county attorney of Tulsa County, on March 26, 1965 filed a "Counter affidavit to the application for case made" in which he recites the following: "That approximately $8500 was taken in the robbery for which this defendant was convicted, and less than 25% of which has been recovered by the victim of the robbery from this defendant. That said defendant has failed to account for the balance of said money, and your affiant believes that he has secreted it in some hiding place where he retains it under his control."

A hearing was had on the application, at which hearing the defendant was represented by his attorney John K. Harlin, Jr. The court denied the application, finding that the defendant was represented at all stages of the proceeding by paid counsel; and that the defendant "has adequate funds with which to pay for the case made."

 We have held that the matter of granting the request of a defendant for the record at the expense of the county is left to the discretion of the trial judge. 20 O.S.A. § 111. Where a hearing is had upon the application for transcript or case made, as in this case, and the defendant is represented by his own attorney, the ruling of the trial court will not be reversed, unless it appears that there has been an abuse of such discretion. Harris v. State, 10 Okl. Cr. 417, 137 P. 365, 139 P. 846; Moore v. State, 33 Okl.Cr. 304, 243 P. 995; Gaines v. State, 61 Okl.Cr. 8, 65 P.2d 422; Dannenfelser v. State, 68 Okl.Cr. 142, 95 P.2d 913, 96 P.2d 1065; In re Enslinger, Okl.Cr., 301 P.2d 372.

For the reasons hereinbefore set forth, the application for post conviction appeal is denied.

NIX, J., concurs.

BUSSEY, P. J., not participating.