Donald Ray BUCHANAN, Appellant,

v.

The STATE OF OKLAHOMA, and Ray Page, Warden of the State Penitentiary, Appellees.

No. 8877.

United States Court of Appeals Tenth Circuit.

Dec. 19, 1966.

Richard A. Procter, Oklahoma City, Okl., for appellant.

Charles L. Owens, Asst. Atty. Gen. (Charles Nesbitt, Atty. Gen., with him on the brief), for appellees.

Before BREITENSTEIN and SETH, Circuit Judges, and KERR, District Judge.

SETH, Circuit Judge.

The appellant appeals from the order of the United States District Court for the Eastern District of Oklahoma dismissing his petition for a writ of habeas corpus. The District Court found that appellant had exhausted all state remedies available to him, but that the appellant's petition disclosed no violation of his constitutional rights. No evidentiary hearing was held.

The appellant urges that he has been deprived of rights guaranteed by the sixth and fourteenth amendments to the United States Constitution by denial of his right to appeal a felony conviction to the Oklahoma Court of Criminal Appeals.

On December 11, 1964, the appellant was convicted of robbery with firearms, after former conviction of a felony, in the District Court of Tulsa County, Oklahoma. A jury rendered the verdict and the appellant was sentenced to not less than twenty-five nor more than seventy-five years in the Oklahoma State Penitentiary. Throughout his trial in the state court the appellant was represented by two attorneys retained by him. After his conviction in the state trial court timely notice of intention to appeal the conviction to the Oklahoma Court of Criminal Appeals was given.

Under the Oklahoma statutes an appeal to the Court of Criminal Appeals is perfected by filing a "case made" or transcript of the trial proceedings. Failure to file a case made or transcript on appeal will result in a dismissal of the appeal.

On the date of the appellant's conviction, December 11, 1964, the time allowed an appellant to file a case made was controlled by Okl.Stat.Ann., tit. 12, § 962, which provided that the state trial court, for good cause shown, might extend the time for filing a case made, but that such extension should not extend beyond the time set by statute for appeal to the state appellate court. Section 962 also provided that it should not be "construed as affecting the statutes fixing the limit of time within which an appeal * * * may be begun in the appellate court."

Another statute, Okl.Stat.Ann., tit. 22, § 1054, provided that an appeal from a felony conviction must be filed in the Oklahoma Court of Criminal Appeals within three months from the date of conviction, but that the state trial court might, for good cause shown, extend the time for appeal to a date not more than six months from the date of conviction.

The chronology of the appellant's attempted appeal from his felony conviction follows. The appellant was convicted on December 11, 1964, and gave timely notice of his intention to appeal. Because the appellant was unable to post an appeal bond, he was imprisoned in the state penitentiary. The state trial court gave the appellant sixty days to obtain a case made or file a transcript for appeal. On December 31, 1964, appellant's motion for a new trial was overruled, and the state trial court again gave the appellant sixty days from the date of conviction (December 11) to make a case or file a transcript. On February 9, 1965, the state trial court granted the appellant an additional sixty days (to April 9, 1965) to file a case made or transcript under title 12, § 962, but it does not appear that the appellant or his attorneys at this time requested an extension of time to appeal to the state Court of Criminal Appeals under title 22, § 1054.

On February 9, 1965, the time for appeal to the Court of Criminal Appeals, under § 1054, would expire on March 11, 1965, even though the state trial court had meanwile granted an extension, under § 962, for making a case or filing a transcript to April 9, 1965, a date some two months beyond the appeal deadline.

On February 26, 1965, the appellant, by his attorney, filed an affidavit and application as a pauper in the state trial court for a case made at the expense of Tulsa County, Oklahoma. On March 26, 1965, the assistant county attorney filed a counter affidavit to the appellant's application stating that only $2500 of $8500 stolen in the robbery for which the appellant was convicted had been recovered, that the county believed that the appellant had hidden these missing funds, had the hidden funds under his control, and was therefore able to pay for a case made. Buchanan v. Page, 413 P.2d 333, 336 (Okl.Ct.Crim.App.1966). The petitioner attached copies of the state court opinions as exhibits to his petition. Petitioner also sets out facts in his pro se brief submitted to the trial court. It can be seen that the counter affidavit was filed fifteen days after March 11, 1965, the deadline for appeal to the Court of Criminal Appeals under § 1054. Some time after March 26, 1965, a hearing was held before the state trial court on the appellant's application for a case made at county expense. At this hearing the appellant was represented by one of the attorneys who represented him during the trial. The state trial court denied the appellant's application for a case made at county expense, finding that the appellant had been represented at all stages of the proceedings and had sufficient funds to pay for a case made.

On January 3, 1966, the appellant filed a petition for post conviction appeal in the Oklahoma Court of Criminal Appeals. The appellant was not represented by counsel in the proceedings before that court. The state appellate court, citing Oklahoma cases, dismissed the appellant's petition on the ground that an order by the trial court extending the time for obtaining a case made or filing a transcript does not operate to extend automatically the time in which to file an appeal. It thereby held that the time

for appeal thus expired on March 11, 1965.

The state appellate court, citing Oklahoma cases, also held that the state trial court's denial of the appellant's application for a case made at county expense would not be reversed, in the absence of a showing of abuse of discretion, when the appellant was represented at the hearing on the application by his own attorney.

On June 2, 1965, Okl.Stat.Ann., tit. 22, § 1073 (Supp.1966) became effective. This section authorizes the Oklahoma Court of Criminal Appeals to entertain an appeal after the time in which appeal should have been perfected when that court determines that any person imprisoned in the state has "been denied any right guaranteed to him" by the federal or state constitutions relating to the right to appeal. See Maghe v. State of Oklahoma, 356 F.2d 644 (10th Cir.).

The opinion of the Oklahoma Court of Criminal Appeals in Buchanan v. Page, 413 P.2d 333, does not disclose whether the appellant's petition for post conviction appeal was considered under § 1073, but the opinion does reveal that the petition was filed after § 1073 became effective, and that the court's opinion is dated April 16, 1966. From the record it appears the appellant has received the benefit of § 1073, although there is no showing that the Oklahoma Court of Criminal Appeals ordered an evidentiary hearing or appointed counsel for the appellant in the proceedings for post conviction appeal, which are authorized by § 1073.

The United States District Court found that the state appellate court had consistently held that the time to appeal is not automatically extended by an extension of time to obtain a case made or file a transcript. See, e. g., Rodrick v. State, 412 P.2d 965 (Okl.Ct.Crim.App.1966), and cases cited. The statutes relating to time for appeal and time for filing a case made are thus considered to be entirely independent of each other and it apparently makes no difference that the time for appeal may expire while the court is considering motions relating to the case made.

The District Court thus held it immaterial whether or not the state trial court abused its discretion in denying the appellant's application for a case made at county expense because the appellant deprived himself of the right to appeal by failing to observe the statutory requirements pertaining to the time for appeal.

The record before us does not reveal the case of an indigent defendant who has been deprived of the assistance of counsel on appeal. From the record it appears instead that the appellant was represented by counsel of his own choice after his felony conviction on December 11, 1964. A motion for a new trial was timely made, an extension of time to prepare a case made was granted, and an affidavit and application for a case made at county expense were filed, all apparently by or through the assistance of the appellant's retained counsel.

In a letter addressed to the District Court after the court had dismissed the appellant's petition for a writ of habeas corpus, the appellant alleges that his retained attorneys had somehow arranged to be paid a substantial fee from the $2500 taken from the appellant when he was arrested, and that upon receiving such money, allegedly in February 1965, his retained attorneys thereafter abandoned his appeal. These allegations are not borne out. The record shows that one of the appellant's retained attorneys appeared in the appellant's behalf at the hearing conducted by the state trial court on the application for a case made at county expense. The record thus shows that the appellant was represented by retained counsel when the time for perfecting appeal expired, and was represented beyond that time as well.

Under the construction given by the Oklahoma Court of Criminal Appeals in many cases to the then applicable statutes pertaining to appeal, §§ 962 and 1054, discussed supra, it appears that the appellant's right to counsel was determined by the failure of his retained coun-

202

sel to seek an extension for time to perfect appeal from the state trial court.

 The record reveals that the appellant's right to appeal was not abandoned by his retained counsel at any time crucial to perfecting an appeal under the then applicable Oklahoma statutes. Because the appellant was represented by counsel when the time for appeal expired, the appellant's allegations that he was at all material times unable to pay for a case made or transcript was not an issue upon which his right of appeal was determined. We find no deprivation of any constitutional right guaranteed to the appellant.

Affirmed.