Roy D. COPENHAVER, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. A–14320.

Court of Criminal Appeals of Oklahoma.

Sept. 12, 1967.

Roy D. Copenhaver, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BUSSEY, Judge:

On June 1, 1967, Roy D. Copenhaver, petitioner herein, filed in this Court a petition for post conviction appeal. In his petition he states that he has been denied his right to an appeal from his conviction in the District Court of Payne County, Cause No. 3226, by reason of the fact that said District Court has failed and refused to furnish him with a case made record of his trial at public expense. Further, that he entered a plea of not guilty, and was tried before a jury, at which time he was represented by court-appointed counsel, and sentenced to serve not less than two nor more than six years in the State Penitentiary.

Since considerable confusion exists as to the scope of the recently enacted post conviction statutes and the pre-existing remedies, we deem it necessary to briefly review the pre-existing rights and those recently recognized under the statutes of the State of Oklahoma, and delineate the duties imposed upon court and counsel in implementing and protecting the same.

It is of historical significance that since the first legislature convened in Oklahoma, the State has provided case mades for indigent persons when a timely request has been made, in order that an appeal might be perfected to this Court. It was many years thereafter before this right was recognized and granted to indigent persons in the Federal Courts; however, no authority existed for the appointment of counsel to represent an indigent person on appeal, nor indeed, was it the duty of the state to provide such representation until the ruling of the United States Supreme Court in Douglas v. State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, March 18, 1963. Subsequent to the Douglas decision and prior to the convening of the 30th Oklahoma Legislature, the trial courts of this jurisdiction, in order to comply with the Supreme Court's ruling, appointed members of the Oklahoma Bar Association to represent indigent persons in perfecting an appeal to this Court. These attorneys served without compensation and discharged their duty with fidelity. When the legislature was informed of the Douglas decision, they were prompt in enacting the provisions of 22 O.S. Supp. § 1074, the same providing:

"Whenever the judge of any court of record within this state shall determine that any person convicted of a crime within his court is without adequate funds or resources to employ legal counsel for the perfection of an appeal, he shall upon request of said convicted person appoint counsel for appeal. Said counsel shall be provided adequate compensation, as fixed by the judge, from the court fund of the county in which the defendant was convicted. Provided, that

in any county where a public defender is regularly employed, the judge making a determination of the necessity for counsel to prosecute an appeal shall, where feasible and justice will be served, appoint such public defender to act as such counsel for the defendant for such appeal, and may, if the circumstances justify, allow an additional compensation to such public defender upon the concurrence of a majority of the district judges, if more than one district judge."

In ever-increasing numbers collateral attacks have been and are continuing to be filed in the Federal Courts attacking judgments and sentences which have become final in the state courts. These attacks are based primarily on alleged denials of consitutional rights relating to appeal and since there was no provision or authority for a judicial review after the expiration of the time in which an appeal could be lodged in the manner provided by law, no adequate remedy existed in this jurisdiction where the defendant had been denied some constitutional right relating to an appeal. The absence of such legislation placed an ever-increasing burden on the Federal Courts and caused great consternation in this jurisdiction among the members of the bench and bar. Again, when this was called to the attention of our legislative leaders, they promptly enacted the provisions of 22 O.S.Supp. § 1073, the same providing:

"(a). The Court of Criminal Appeals may entertain an appeal, after the original time in which an appeal should have been perfected has expired, when the Court determines that any person confined in any penitentiary or penal institution within the State of Oklahoma has been denied any right guaranteed to him by the Constitution of the United States or the Constitution of the State of Oklahoma relating to the right to appeal.

(b). The Court of Criminal Appeals may by appropriate rules prescribe the manner in which such determination shall be made, and may direct any inferior court

to conduct hearings, make findings of fact, and transmit the same to said appellate court.

(c). In the exercise of said appellate jurisdiction, the Court of Criminal Appeals may direct the preparation of a case made or transcript and the appointment of counsel, which cost shall be paid in the manner as otherwise provided by law."

In implementing this statute, this Court has granted a post conviction review whenever the record of the evidentiary hearing has supported the petitioner's claim of denial of a constitutional right relating to appeal. Conversely, as in the instant case, where it affirmatively appears that the petitioner has not been denied any right relating to an appeal, post conviction review has been denied.

■ There will continue to be petitions filed in this Court under the provisions of 22 O.S.Supp. § 1073, supra, many of which, based on our past experience we can anticipate, will have no merit; nevertheless, full and complete evidentiary hearings will be held whenever verified allegations of denial of constitutional rights are alleged. Once this court has made a determination that the defendant has not been denied a constitutional right relating to an appeal, the Court's determination is conclusive and an appeal will not be granted although a finding to the contrary has been made by a federal trial court, unless there is additional evidence presented to this court which would justify a modification or change in this Court's previous ruling.

■ In order that a record may be preserved for a determination of the denial or waiver of any constitutional right relating to an appeal, we recommend that in *all* cases where an indigent person is represented on the trial by court-appointed counsel, that the trial court, prior to the rendition of judgment and sentence, advise the defendant in the manner hereinafter set forth.

The defendant should be advised that he stands convicted of the crime of ———— and that before the court imposes judgment and sentence the defendant has the right to file a Motion for New Trial, setting forth the reasons why he believes he should be granted a new trial. After the rendition of judgment and sentence, the trial court should advise the defendant of his right to appeal his conviction to the Court of Criminal Appeals and should advise him of his right to be represented by court-appointed counsel on said appeal and the right to a case made at public expense. The court should further advise said convicted person that if he desires to appeal, he must give notice of his intention to appeal to the Court of Criminal Appeals and request for a case made, both to be in writing, at the time of rendition of judgment and sentence or within ten (10) days thereafter; the same to be filed either with the trial court or the court clerk thereof. The court should then inquire if the prisoner desires to appeal; if he desires a case made at public expense; and if he desires the appointment of counsel to represent him in perfecting an appeal. If the defendant does not affirmatively waive these rights, he should be kept ten (10) days in the county jail prior to being transported to the penitentiary; and the court should so advise him that in the event he has not determined whether he wishes to appeal his conviction and assert his right to a case made at public expense and court-appointed counsel, said person will be kept in the county jail in order that he may assert these rights at any time prior to the expiration of time within which to give notice of intent to appeal, request for case made and the appointment of counsel. All of the proceedings therein should be reduced to writing and made a permanent part of the court file in such case.

■ Although this court is of the opinion that a person represented by counsel of his own choice during the trial and at the time of rendition of judgment and sentence, who does not give notice of intent to appeal to this Court, nor request a case made in writing in the manner prescribed by law, is not entitled to a post conviction appeal under the provisions of 22 O.S.Supp. § 1073, some of the Federal Courts seem to adhere to the belief that if the trial judge does not advise a convicted person of his rights as hereinabove set forth, then he has been denied a constitutional right relating to an appeal. While we are of the opinion that such a conclusion must rest upon the erroneous assumption that the convicted defendant's counsel either has not properly advised the defendant of his rights relating to an appeal, or is so incompetent that he is incapable of advising his client of said rights, we, nevertheless, recommend that until the Supreme Court of the United States has ruled on this issue, the better practice would be for the trial judge to advise the convicted defendant, represented by counsel of his own choice, in the same manner suggested above for indigent persons represented by court-appointed counsel and that a record be preserved of such proceedings.

■ We have heretofore set forth in other opinions the procedures to be followed by the trial court in cases where the defendant has entered a plea of guilty. In all future cases where there is a plea of guilty, the procedure above set forth should be followed; provided, however, that prior to accepting a plea of guilty, the defendant should be informed of the nature and consequences of such plea [1], of his right to court-appointed counsel, if indigent, and his right to a jury trial, and the record should reflect an affirmative waiver of all of these rights prior to the acceptance of a plea.

■ Counsel, whether court-appointed or employed by the defendant, in any criminal case, should, if the defendant is con-

1. In this connection the judge should advise the defendant of the minimum and maximum punishment provided by law for the crime of which the accused stands charged.

victed at a jury trial, file a Motion for New Trial prior to the rendition of judgment and sentence. He should also advise the defendant of his rights relating to an appeal in the manner as above set forth and maintain a record on his personal files of the time and place at which he advised the defendant of these rights. It is not an infrequent occurrence for prisoners incarcerated in the state penitentiary to assert incompetency of counsel, whether the counsel be one of his own choice or court-appointed, and such precaution as above set forth is suggested for the protection of the attorneys.

█ After carefully examining the record, pleadings, and transcript in the instant case, we are of the opinon that the petitioner knowingly and voluntarily waived his right to an appeal from his conviction in the District Court of Payne County, Cause No. 3226.

█ The petitioner, having knowingly and voluntarily waived his right to an appeal, cannot, after the regular statutory time for appeal has expired, change his mind and perfect such appeal, for the post-conviction appeal provisions of the Oklahoma Statutes are intended and do apply only to instances wherein an appeal has not been perfected due to some violation of a convicted person's rights.

█ We have held that the matter of granting the request of a defendant for the record at the expense of the county is left to the discretion of the trial judge. 20 O.S.A. § 111. Where a hearing is had upon the application for transcript or case-made, as in the instant case, and the defendant is represented by counsel, the ruling of the trial court will not be reversed, unless it appears that there has been an abuse of such discretion. Gaines v. State, 61 Okl.Cr. 8, 65 P.2d 422; Dannenfelser v. State, 68 Okl.Cr. 142, 95 P.2d 913, 96 P.2d 1065; In re Enslinger, Okl.Cr., 301 P.2d 372.

Post conviction review is accordingly denied.

NIX, P. J., and BRETT, J., concur.